■ In the Matter of VICKI L. COOK, Respondent, v DAVID R.
COOK, Appellant.—Yesawich, Jr., J. Appeal from an order of
the Family Court of Fulton County (Mazzone, J.), entered

February 27, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and directed respondent to pay $300 per week for the support of his three infant children.

The parties married in 1968 and in January 1983 respondent obtained a conversion divorce. There are three children of the marriage, born in 1970, 1975, and 1978, respectively. In April 1983, petitioner applied to Family Court for a modification of support provisions contained in a separation agreement which had been incorporated but not merged into the divorce decree. Thereafter, on October 19, 1983, Family Court, pursuant to a stipulation of the parties, issued an order increasing respondent's child support obligation to $100 per week and awarded maintenance to the wife in the amount of $50 per week, to be reduced to $25 per week if her gross weekly income exceeded $180. Claiming that since entry of the last order there had been a change in circumstances warranting a further increase in child support, petitioner in 1985 petitioned for such relief. After conducting a hearing, Family Court ordered respondent's child support obligation increased to $300 per week, giving rise to this appeal by respondent.

Although essential findings of fact giving rise to Family Court's order are not specifically set forth, the record is more than adequate to enable us to make that determination and avoid the necessity of a remittal (see, Matter of Milton v Dennis, 96 AD2d 628).

Testimony adduced at the hearing demonstrated: additional clothing and nutritional needs for the children; their pursuit of additional activities, occasioned in large part by the fact they are growing older, which petitioner cannot financially underwrite on her annual salary of just over $10,000; that their home is visibly in need of repair; that petitioner qualifies for Federal assistance to heat the home, and the children are eligible for free school lunches provided by yet another Federal assistance program; and a substantial improvement in respondent's financial condition—his earnings in 1984 exceeded $70,000, which was apparently more than twice what he was earning when the parties separated. The record evidence amply confirms Family Court's observation that respondent's previous support payments were "unconscionably" inadequate (cf., Matter of Reeves v Samson, 105 AD2d 1040, 1042). These changed circumstances justify the increase in the children's support.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.