■ In the Matter of PENNY L. ALLEN, Respondent, v GLENN R. ALLEN, Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered October 13, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of child support.

Petitioner and respondent produced two boys, one born in August 1976 and the other in May 1978, during their marriage, which ended in a divorce judgment filed September 5, 1985, incorporating but not merging a separation agreement

executed August 1, 1985. The parties agreed to retain joint custody of their children, alternating physical custody of them weekly. The separation agreement further provided that respondent would pay child support to petitioner of $125 per month per child, to be increased annually $5 per month per child for six years, after which it would be fixed at $175 per month per child. In addition, respondent agreed to cover all medical, dental, optical and pharmaceutical expenses and to share equally with petitioner the cost of the children's clothing, tutoring and lessons. By the terms of the agreement, respondent was also to pay petitioner maintenance of $300 per month for 15 months and $250 per month for an additional 45 months. Maintenance was terminated when, in January 1986, petitioner remarried; the marriage, which brought petitioner another child, was annulled in August 1986.

In November 1986, petitioner initiated the instant proceeding seeking restoration of her maintenance support and augmented child support based upon a change of circumstances. Family Court dismissed the maintenance request and held a hearing on the issue of child support. Significant facts disclosed at the hearing included an increase in respondent's income from $41,026 in 1985 to $47,038 in 1986, with a 5.5% raise due in 1987, while petitioner's income remained steady at just over $11,000, due to the loss of maintenance. On the other side, petitioner had additional expenses, due in part to the purchase of a modest home. It is also pertinent to note that respondent's disposable income has been effectively enhanced by elimination of his liability for maintenance despite the fact that it was a result of petitioner's own doing.

Family Court awarded a $300 per month increase in child support based on respondent's improved financial position, especially when contrasted with petitioner's, the children's additional need and a finding that the child support provided for in the separation agreement was grossly unfair. Family Court expressly disregarded those of petitioner's expenses attributable to the child of her second marriage in making its determination. Respondent appeals; we affirm.

Family Court possesses jurisdiction to modify child support provisions even when the terms flow from a separation agreement incorporated without merger into a divorce decree, and absent an abuse of discretion its determination will not be disturbed (*Merl v Merl*, 67 NY2d 359, 362; *Matter of Aiken v Aiken*, 115 AD2d 919, 920-921). Here, Family Court directly applied the factors set forth in *Matter of Brescia v Fitts* (56 NY2d 132, 141) for evaluating whether a particular change in

circumstances warrants an adjustment of child support obligations. In addition to the sizeable advance in respondent's income (see, Matter of King v King, 103 AD2d 871, 872), the court also noted the inevitable growth in the boys' activities with age and the concomitantly heightened expense, as well as the striking disparity of the comparatively more prosperous standard of living the boys enjoy when they are with respondent. This difference in standard of living is particularly important in light of the uncommon joint custody arrangement. The court further concluded that in view of the fourfold difference in the parties' incomes, it would be unconscionable to leave the child support at its existing level (see, Matter of Cook v Cook, 129 AD2d 950, 951). These conclusions are accentuated by the fact that petitioner had to resort to public assistance (see, supra). Although the separation agreement did provide for increments, they were plainly deemed inadequate by the court. Finally, it is true that Family Court made mathematical errors, but these were made in the course of bolstering its determination, not in calculating the award, for which there is ample justification.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.