◼ In the Matter of WILLIAM A. SMITH, Appellant, v KATHERINE D. SMITH, Also Known as NIRMALA DOLE, Respondent.— Yesawich, Jr., J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered January 20, 1989, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 4, seeking contribution from respondent for college expenses of the parties' child.

In November 1983, after 16 years of marriage, the parties divorced. Their separation agreement, which was incorporated into the divorce decree, provides, in paragraph 19 thereof, that petitioner "covenants and agrees to pay all sums necessary [or] desireable [sic] for the support and maintenance of the [child of the marriage]".

Petitioner filed a petition seeking to modify the divorce judgment to require respondent, the noncustodial parent, to share the child's college costs; the child entered the freshman class at the University of Vermont in the fall of 1988. After a hearing, the Hearing Examiner concluded that the separation agreement did not allocate college expenses, and ordered respondent to contribute $4,560 per year until the child either reaches 21 years of age or leaves the university. Respondent filed objections to the order. Family Court, vacating the Hearing Examiner's determination, observed that by the terms of paragraph 19 of the separation agreement, petitioner undertook to pay for the child's college education and further that he failed to demonstrate the substantial change in circumstances necessary to warrant modification of the divorce decree. We affirm.

The language of paragraph 19 unambiguously obligates petitioner to pay "all" sums necessary or desirable for their daughter's support and maintenance. Neither party, both of whom are college-educated licensed physical therapists, disputes that a college education is "desirable"; indeed petitioner admits that at the time the agreement was executed, both parents hoped their child would attend college. And, in contrast to petitioner's contention on appeal that the separation agreement did not specifically contemplate college costs, we note that in his petition, his complaint is not that the parties failed to contemplate who would finance their daughter's college education, but rather that "it was not foreseen that college expenses would be as much as $16,000.00 per year".

Absent an unanticipated and unreasonable change in cir-

cumstances coupled with a showing of need, and no such showing was made here, the stipulated allocation of financial responsibility in the decree should not be disturbed *(see, Matter of Boden v Boden,* 42 NY2d 210, 212-213; *see also, Merl v Merl,* 67 NY2d 359, 362).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.