■ In the Matter of KATHLEEN A. KEMENASH, Formerly Known as KATHLEEN MCINTYRE, Appellant, v RECTOR P. MCINTYRE, JR., Respondent. [613 NYS2d 948] —Crew III, J. Appeals from an order and amended order of the Family Court of Schenectady County (Griset, J.), entered July 30, 1992 and September 10, 1992, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties have three children, Joshua (born in December 1973), Scott (born in June 1977) and Brian (born in April 1979). It appears that the parties entered into a separation agreement in 1980 and were divorced in 1981. In 1989, petitioner commenced a modification proceeding, the parties reached an agreement regarding child support and, by order dated August 4, 1989, respondent was directed to pay petitioner child support in the amount of $125 per week.

Petitioner thereafter commenced this proceeding in June 1991 alleging that a change in circumstances had occurred, namely, that the children's living expenses and school expenses and the overall cost of living had increased, as had respondent's income, and seeking an increase in respondent's child support obligation to $250 per week. At the conclusion of the fact-finding hearing that followed, the Hearing Examiner dismissed petitioner's application and awarded respondent $1,000 in counsel fees. Family Court thereafter denied petitioner's objections to the Hearing Examiner's findings and these appeals by petitioner followed.

899

We affirm. As a starting point, we note that the allegations set forth in the petition, though quite general in nature, were sufficient, when liberally construed, to warrant a fact-finding hearing *(see,* Family Ct Act § 165 [a]; CPLR 3026; *Matter of Stimpson v Wise,* 197 AD2d 762; *Matter of Greenblatt v Van Deusen,* 87 AD2d 713). Additionally, although not entirely clear from the record, it appears that this was a proceeding to modify a prior order of Family Court and, as such, petitioner need only have demonstrated a change in circumstances sufficient to warrant a modification *(see,* Family Ct Act § 461 [b] [ii]; *Matter of Benedino v Higley,* 175 AD2d 447, 448; *compare, Matter of Healey v Healey,* 190 AD2d 965, 967 [party seeking modification of separation agreement incorporated but not merged in judgment of divorce must demonstrate unanticipated and unreasonable change in circumstances]).

Based upon our review of the record as a whole, we conclude that petitioner has failed to demonstrate a change in circumstances sufficient to warrant a modification. Petitioner's claimed increases in child care expenses are somewhat speculative in nature, and there is insufficient documentation in the record to support petitioner's claims in this regard *(see, Matter of Litchfield v Litchfield,* 195 AD2d 747, 749). Although petitioner did testify regarding the need for additional funds and submitted a financial affidavit in support of her modification application, the errors and misstatements contained in that affidavit cast doubt upon her credibility, and we see no reason to disturb the determinations reached by the Hearing Examiner and Family Court in this regard *(see generally, Matter of Nankervis v Nankervis,* 174 AD2d 674).

As a final matter, we reject petitioner's assertion that Family Court erred in awarding respondent counsel fees. Such fees may be awarded at the discretion of the court *(see,* Family Ct Act § 438 [a]; *Matter of Lawrence v Lawrence,* 187 AD2d 995; *Matter of McCullough v Falardeau,* 184 AD2d 989), and we perceive no abuse of that discretion here.

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order and amended order are affirmed, without costs.