In the Matter of BRENDA S. STRACK, Appellant, v TODD J. STRACK, Respondent. [638 NYS2d 526] —Crew III, J.

In February 1988 petitioner and respondent executed a separation agreement, pursuant to the terms of which petitioner was to have custody of the parties' three children and respondent was to pay child support in the amount of $250 biweekly, with such support being allocated at one third per child. The separation agreement further noted that respondent's support obligation was based upon the parties' then-existing financial circumstances and that nothing contained therein "prohibit[ed] either party from seeking a modification of the child support provisions * * * upon a proper showing of changed circumstances before any court of competent jurisdiction".

In October 1990 a judgment of divorce, into which the separation agreement was incorporated but not merged, was entered. Shortly thereafter, the parties entered into an open-court stip-

ulation wherein they agreed, *inter alia*, that petitioner would not commence any proceeding seeking to modify the support provisions contained in the separation agreement for three years following the date of entry of an amended judgment of divorce. The parties also agreed that there remained only one unemancipated child, Jessica (born in 1978), for whom respondent was obligated to pay child support. An amended judgment of divorce, into which both the separation agreement and stipulation were incorporated but not merged, was entered in February 1991.

Thereafter, in July 1994, petitioner commenced this proceeding pursuant to Family Court Act article 4 seeking, *inter alia*, an upward modification of respondent's support obligation. Following a hearing, Family Court denied that portion of the petition seeking increased child support and this appeal by petitioner followed.

Petitioner initially contends that Family Court applied the incorrect legal standard in evaluating her application to modify respondent's support obligation. We cannot agree. Where a party seeks to modify a prior order, he or she need only demonstrate a change in circumstances sufficient to warrant a modification (*see,* Family Ct Act § 461 [b] [ii]; *Matter of Urbach v Krouner,* 213 AD2d 833, 835; *Matter of Kemenash v McIntyre,* 205 AD2d 898, 899). On the other hand, where a party is seeking to modify a separation agreement incorporated but not merged in a judgment of divorce, he or she must establish either that the agreement was not fair and equitable when entered into, that "an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant [increased] need" (*Merl v Merl,* 67 NY2d 359, 362), or that the needs of the children are not being met (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 138-140). As petitioner here was seeking modification of a support provision embodied in the parties' separation agreement, which survived the judgment of divorce, Family Court properly applied this latter standard of review and, in so doing, correctly found that petitioner had failed to meet her burden of proof.*

A review of the record before us reveals that petitioner of-

---

* To the extent that petitioner contends that the Child Support Standards Act (hereinafter CSSA; *see,* Family Ct Act § 413) should be construed in such a fashion as to put a party seeking to modify a child support provision embodied in a separation agreement on "equal footing" with a party seeking to modify a similar provision in a divorce decree or court order, i.e., the lesser "change in circumstances sufficient to warrant modification" standard (*see,* Family Ct Act § 461 [b] [ii]) should apply across the board, we disagree. That the recognized distinction between modification of separation agree-

fered no proof that the separation agreement itself was not fair and equitable when entered into (*see, Matter of Healey v Healey*, 190 AD2d 965, 968), nor did she allege in her petition or demonstrate at the hearing that Jessica's basic needs were not being met (*see, Matter of Hulik v Hulik*, 201 AD2d 909, 910, *supra*). As for whether there had been an unanticipated and unreasonable change in circumstances, although petitioner did testify regarding Jessica's increased expenses with respect to sports and certain social activities, her proof was lacking in specificity and, in any event, this Court has repeatedly held that the increased needs of a growing teenager and/or the increased income of the noncustodial parent are insufficient to warrant an upward modification (*see, Matter of Demont v Demont*, 200 AD2d 920, 921; *Matter of Bouille v Bouille*, 192 AD2d 802, 803, *supra; Matter of Healey v Healey, supra*, at 968; *May May Cheng v McManus*, 178 AD2d 906, 908). Accordingly, Family Court did not err in denying petitioner's application. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

ments and modification of divorce decrees and prior orders continues to prevail (*see, e.g., Matter of Bagnoli v Bagnoli*, 214 AD2d 829; *Matter of Higbie v Elder*, 207 AD2d 487; *Matter of Kemenash v McIntyre, supra*, at 899; *Matter of Hulik*, 201 AD2d 909; *Matter of Bouille v Bouille*, 192 AD2d 802) is not, as petitioner suggests, due to a failure to perceive the impact of the CSSA, but, rather, reflects an attempt to apply the law within the framework established by the Court of Appeals.

Similarly unpersuasive is petitioner's claim that the separation agreement itself provides for a lesser burden of proof. Although the separation agreement recites that the parties may seek modification of the child support provisions contained therein based upon a "proper showing of changed circumstances", such language merely reflects an acknowledgment by the parties that if a modification proceeding is commenced, the party seeking modification must make the "proper", appropriate or requisite showing of a change in circumstances in order to prevail; here, that required showing consisted of proof that the separation agreement was unfair when entered into, that there had been an unanticipated and unreasonable change in circumstances, or that the child's needs were not being met (*see, Matter of Kemenash v McIntyre, supra*). Moreover, even if we were to accept petitioner's argument on this point, we nevertheless would conclude that she failed to demonstrate a change in circumstances sufficient to warrant modification.