■ In the Matter of RHONDA COOK, Appellant, v KENNETH R. BORNHORST, Respondent. [645 NYS2d 945] —White, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered April 28, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligation.

On November 26, 1986, the parties entered into a stipulation providing that respondent would pay petitioner $65 per week in child support for their son, born in 1984. Thereafter, the stipulation was incorporated, but not merged, in a judgment of divorce entered December 30, 1986. On May 2, 1994, petitioner filed a petition seeking an upward modification of respondent's child support obligation, alleging that the child's needs and respondent's income had increased while her income had decreased. Following an evidentiary hearing, the Hearing Examiner concluded that the child's needs were not being met

by petitioner and, in accordance with the Child Support Standards Act (Family Ct Act § 413), increased respondent's child support obligation to $140 per week. Upon consideration of respondent's objections to the Hearing Examiner's order and petitioner's rebuttal, Family Court concluded that petitioner had failed to establish a basis for a modification of respondent's child support obligation and dismissed the petition. Petitioner appeals.

It is well established that a party seeking to modify the child support provisions of a separation agreement or stipulation which survives a judgment of divorce has the burden of proving that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the children are not being adequately met (*see, Merl v Merl*, 67 NY2d 359, 362; *Matter of Brescia v Fitts*, 56 NY2d 132, 139-140; *Matter of Boden v Boden*, 42 NY2d 210, 213).

In this instance, petitioner did not prove that the stipulation was unfair or inequitable when entered into, nor did she allege or prove that the combination of her income and respondent's support payments does not adequately meet the child's needs (*see, Matter of Brescia v Fitts, supra*, at 140; *Matter of Strack v Strack*, 225 AD2d 872, 873-874). Thus, the issue distills to whether petitioner established that there had been an unanticipated and unreasonable change of circumstances.

Based upon our review of the record we agree with Family Court that petitioner did not since her proof focused on respondent's increased income and the generalized increased needs of her son, factors which, we have repeatedly held, standing alone are generally insufficient to support an upward modification of support (*see, Matter of DeAngelo v Doherty*, 208 AD2d 1012, 1014; *Matter of Demont v Demont*, 200 AD2d 920, 921; *Matter of Healey v Healey*, 190 AD2d 965, 968). While petitioner established that she had no income, having become unemployed in 1992, Family Court discounted this proof, concluding that petitioner had not diligently searched for employment and that she had imputed income of $14,326.

Petitioner contends that Family Court abused its discretion in making this finding because it did so without the aid of a transcript of the hearing on her petition. Inasmuch as Family Court's finding was based upon the Hearing Examiner's findings of fact, this contention is meritless (*see, Matter of Smith v Smith*, 197 AD2d 830, 831; *Matter of Benedino v Higley*, 175 AD2d 447, 448, n). For these reasons, we affirm Family Court's order.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.