■ In the Matter of PAMELA LUNMAN, Appellant, v JAMES E. LOMANTO, Respondent. [657 NYS2d 479] —Carpinello, J. Appeal from an order of the Family Court of Fulton County (Seibert, Jr., J.), entered February 20, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligations.

A child support agreement arrived at pursuant to a separation agreement, which is incorporated but not merged into a judgment of divorce, should not be disturbed absent a showing that the agreement was unfair or inequitable when entered into, or "that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl*, 67 NY2d 359, 362), or that a child's right to receive adequate support is not being met by the custodial parent (*see, e.g., Matter of Cook v Bornhorst*, 230 AD2d 934; *Matter of Strack v Strack*, 225 AD2d 872, 873). Petitioner did not prove, and does not contend on appeal, that the separation agreement was unfair or inequitable when entered into in December 1986. Petitioner also did not prove, given her income and current financial status, that the needs of the parties' teenage son are not being adequately met (*cf., Matter of Raymond v Pietro*, 228 AD2d 754). Accordingly, the pertinent inquiry is whether petitioner established that there has been an unanticipated and unreasonable change in circumstances warranting an upward modification of child support.

Upon our review of the record, petitioner has failed to demonstrate her entitlement to an upward modification of child support. The change in circumstances relied upon by petitioner include the "additional needs and expenses" of the child and an increase in respondent's income. It is axiomatic, however, that neither the increased income of a noncustodial parent nor

the generalized increased needs of a child are sufficient to support an upward modification of support (see, Matter of Cook v Bornhorst, supra; Matter of Strack v Strack, supra). Significantly, with respect to the increased needs and expenses of the child, petitioner acknowledged during her testimony that the future upbringing of the child was considered when she entered into the separation agreement and she was aware at that time that it would become more expensive to take care of him as he grew older. Upon our review of petitioner's current expenses for the child, we are unpersuaded that they justify an upward modification of support.

Petitioner also relies on an alleged "significant" increase in respondent's income to support her petition. Although respondent was unemployed due to a disability at the time of the parties' divorce in January 1987, he has been paying $60 per week in child support since March 27, 1987. In 1993, respondent's base salary as an alcohol counselor was $22,000 annually and he earned approximately $8,400 as an on-call crisis counselor. This latter income, however, is not guaranteed. His total household income was $39,471. In 1993, petitioner's salary as a teacher was $32,000 annually and her total household income of $82,203 was comparably higher than that of respondent (compare, Smith v Smith, 174 AD2d 818 [parties' respective household incomes were comparable]). Thus, to the extent that it can be said that respondent's income has increased, the increase is not significant enough to warrant an upward modification of child support (see, Matter of Demont v Demont, 200 AD2d 920, 921).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.