■ ANNETTE L. HALL, Appellant, v WATSON C. HALL, Respondent. [666 NYS2d 291] —Casey, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 30, 1996 in Greene County, which, *inter alia*, denied plaintiff's motion for an upward modification of child support payments.

In May 1994, the parties entered into a stipulation in which defendant agreed to pay plaintiff $70 per week for the support of their two children. As stated therein, this amount was based on defendant's sporadic income as a self-employed electrician. Claiming that the costs associated with the children's care, entertainment and extracurricular activities have changed in the two years since the stipulation, plaintiff moved for an upward modification of child support. Plaintiff also sought to have defendant pay one half of the unreimbursed medical and dental expenses, as well as a proportion of the cost for daycare and summer camp. Defendant opposed the motion and cross-moved for a downward modification in child support. Supreme Court denied both motions and only plaintiff appeals.*

For plaintiff to be entitled to an upward modification of the child support provisions of the stipulation, she has the burden of establishing that "the agreement was unfair when entered into or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant increased need * * * or that the needs of the children are not being adequately met" (*Matter of Bouille v Bouille*, 192 AD2d 802, 802-803 [citation omitted]; *see, Merl v Merl*, 67 NY2d 359, 362; *Katz v Katz*, 188 AD2d 827, 828). A review of the record reveals that plaintiff offered no proof that the stipulation was unfair or inequitable when made, nor did she demonstrate with specificity that the children's basic needs were not being met by the current child support payments and plaintiff's income, which was substantially more than defendant's earnings (*see, Matter of Litchfield v Litchfield*, 195 AD2d 747, 749).

The basis for plaintiff's request for such modification is the children's increased needs as they grow older and become more involved in school and social activities and defendant's alleged

---

* Apparently the parties were divorced pursuant to an action commenced in May 1995. As there is no evidence to the contrary, we assume that the stipulation survived the judgment of divorce.

increase in income. Even if defendant was earning more, an allegation not supported by the record, neither an increase in the income of the noncustodial parent nor the generalized increased needs of the parties' growing children, standing alone, are sufficient to warrant an upward modification of support (*see, Matter of Cook v Bornhorst*, 230 AD2d 934, 935; *Matter of Demont v Demont*, 200 AD2d 920, 921; *Katz v Katz, supra*, at 828).

Finally, plaintiff's contention that she should be reimbursed for child care, summer camp and dental and medical expenses not covered by insurance must also be rejected. As it cannot be said that the parties were unaware of these expenses at the time they entered into the stipulation, we see no reason to disturb the allocation of financial responsibility that was carefully set forth therein (*see, Katz v Katz, supra*, at 828; *Matter of Smith v Smith*, 159 AD2d 929).

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

