■ CHRISTINE GREENAWAY, Appellant, v THOMAS D. GREENAWAY, Respondent. [692 NYS2d 227] —Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 27, 1998 in Saratoga County, which, *inter alia*, denied plaintiff's motion for an upward modification of child support payments.

As part of the parties' divorce proceeding, their oral stipulation pertaining to, *inter alia*, the custody, visitation and child support arrangements for their two children, Eric (born in 1982) and Kelly (born in 1985), was incorporated but not merged in their judgment of divorce. Pursuant to the terms of the stipulation, the parties agreed to opt out of the Child Support Standards Act due to their settlement of equitable distribution issues and the nature of their joint custody arrangement, which placed primary physical custody of the children with plaintiff. Accordingly, they agreed that defendant would pay $1,000 per month in child support, that plaintiff was to assume all financial responsibility for the children's extracurricular activities and that plaintiff would "continue those reasonable expenses in the same fashion which the children currently participate". As to health insurance, defendant agreed to be responsible for the children's coverage and that the parties would equally share all uninsured, unreimbursed health-related expenses. At the time of the stipulation, defendant's income was $61,700 per year and plaintiff's income was $22,600 per year. At such time, both parties were represented by counsel.

In July 1997, plaintiff sought an upward modification of child support by contending, *inter alia*, that she was unable to maintain the lifestyle to which the children had become accustomed because of an increase in her living expenses. Articulating the unanticipated and adverse change in circumstances, she detailed defendant's increase in annual income to $73,222.62 in 1995 and $78,832.10 in 1996, his relocation to Montreal, Canada, and the increased expenses she expected to incur due to Kelly's weight disorder, which developed after the divorce proceeding. She further sought enforcement of the provisions relating to the uninsured, unreimbursed health-related expenses.

Supreme Court denied plaintiff's motion for an upward modification of child support and determined that she was entitled to the enforcement of defendant's obligation to pay his share of the children's uninsured, unreimbursed health-related expenses. With plaintiff unsuccessfully moving for reconsideration from which no notice of appeal was filed, we review plaintiff's appeal of the original order.

In seeking to modify the child support provisions of a separation agreement that survived a judgment of divorce, plaintiff was required to demonstrate that "the agreement was unfair when entered into or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant increased need * * * or that the needs of the children are not being adequately met" (*Matter of Bouille v Bouille*, 192 AD2d 802, 802-803 [citation omitted]; *accord, Matter of Boden v Boden*, 42 NY2d 210, 213; *Hall v Hall*, 244 AD2d 848; *Matter of Strack v Strack*, 225 AD2d 872, 873). As there exists no contention of unfairness, we are left to determine whether the evidence presented adequately demonstrated that the needs of the children were not currently being met or that there was an unanticipated and unreasonable change of circumstances.

Upon our review, we find an insufficient showing to support any contention that the children's basic needs were not adequately met by the current child support provisions agreed to by the parties (*see, Hall v Hall, supra*, at 848; *Matter of Cook v Bornhorst*, 230 AD2d 934, 935; *Matter of Strack v Strack, supra*, at 874). Addressing whether there was an unanticipated and unreasonable change in circumstances resulting in a concomitant increase in the needs of these children, we note that the parties' agreement specifically acknowledged that they "anticipated the future needs of the child[ren] and adequately provided for them" (*Matter of Boden v Boden, supra*, at 213). As plaintiff's petition was premised solely upon contentions al-

leging the increased needs of the growing children and defendant's concomitant increase in income, we conclude that Supreme Court properly determined that these allegations, standing alone, were insufficient (*see, Hall v Hall, supra*, at 849; *Matter of Cook v Bornhorst, supra*; *Matter of Strack v Strack, supra*; *Matter of DeAngelo v Doherty*, 208 AD2d 1012, 1014).

In so finding, we note that plaintiff's contentions that defendant's relocation to Montreal will affect her burden of custodial expenses and that Kelly's weight disorder will present an increase in costs, when it has not yet been determined whether defendant's health insurance would cover such expenses (*see, Matter of DeAngelo v Doherty, supra*), are both premature. Such issues may, however, form the basis of a future petition for modification.

Finding no support in the record to demonstrate that defendant's failure to contribute his proper share of Kelly's weight loss camp was willful due to the existence of a genuine issue of fact as to whether it constituted a health-related expense (*see generally, Matter of Bruno v Bruno*, 50 AD2d 701), we hereby affirm Supreme Court's order in its entirety.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.