■ EDWARD LA PORTE, Appellant, v JANET LA PORTE, Respondent. [693 NYS2d 666] —Spain, J. Appeals (1) from an order of the Supreme Court (Going, J.), entered March 19, 1998 in Montgomery County, which, *inter alia*, granted defendant's motion for child support arrears, and (2) from the judgment entered thereon.

Pursuant to a stipulation which was incorporated but not merged into the parties' 1990 judgment of divorce, defendant assumed full custody of their two children. Plaintiff agreed to pay defendant $114 in weekly child support based on his weekly gross income of $480 and, under the agreement, plaintiff was obligated to advise the local support collection unit of any changes in his employment status or income within one week of such change. The agreement further provides that, if there were a change of employment or income, defendant could seek an upward modification of child support.

In 1997 defendant filed support modification and enforcement petitions in Family Court, Montgomery County, apparently alleging a change in circumstances and that plaintiff had failed to report increases in his income as required. Thereafter, by stipulation of the parties, Family Court found that there had been a change in circumstances in that one of the children was residing with plaintiff and that plaintiff's income had increased substantially since the 1990 divorce decree. Family Court made an order which, *inter alia*, fixed child support at $152.29 for their son, who continued to reside with defendant, and at $62.17 for their daughter, who was residing with plaintiff, and ordered that plaintiff pay the difference—$90.12—to defendant. The stipulated order in Family Court also computed arrears due defendant from April 17, 1997—the date of the filing of the modification petition—to the date of the order. The Family Court order further states that defendant could pursue in Supreme Court any modification of child support and arrears for periods not covered by the order.

Thereafter, defendant, by order to show cause, moved in Supreme Court for an order enforcing the divorce stipulation provision which required plaintiff to report changes in his employment or income, an order increasing plaintiff's child support obligation and an order establishing child support arrears for the period from January 1, 1991 through April 17, 1997 based upon plaintiff's higher income. In support of her motion, defendant submitted both parties' financial disclosure documents for the past several years, including copies of portions of some of plaintiff's tax returns from 1991 through 1996. In opposition, plaintiff, proceeding without counsel, submitted a handwritten statement of his net income for the years 1991 through 1997, calculated by subtracting FICA and his unreimbursed employee business expenses from his gross income; his calculations indicate that his support obligation was overpaid. Notably, plaintiff is a welder and assertedly incurs such unreimbursed expenses. Upon the consent of both parties, Supreme

Court considered the matter without a hearing or further proceedings and ultimately granted defendant's motion, finding plaintiff's income had increased and calculating arrears in favor of defendant in the total sum of $21,706.46. A money judgment was thereafter entered and plaintiff now appeals. Plaintiff's subsequent motion for reconsideration was denied.

The Domestic Relations Law mandates that the amount of the basic child support obligation be determined based upon the combined income of *both* parents (*see*, Domestic Relations Law § 240 [1-b] [c]). The child support percentage for two children is 25% of the *combined* parental income (*see*, Domestic Relations Law § 240 [1-b] [b] [3] [ii]). In calculating income, the statute provides a deduction for, *inter alia*, "unreimbursed employee business expenses except to the extent said expenses reduce personal expenditures" (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [A]). However, such expenses are properly deducted from parental income in calculating child support obligations only when proven, usually by tax returns accompanied by records and receipts (*see*, *Faber v Faber*, 206 AD2d 644, 645).

Here, only incomplete copies of plaintiff's tax returns were submitted to Supreme Court without any receipts or other records to support his claimed expenses. Notably, there is no tax return for plaintiff for tax year 1997 in the record; then, for tax years 1992 through 1996, only the tax returns for 1994 and 1996 are accompanied by form 2106 which details plaintiff's expenses. Nowhere in the record are there any receipts or other business records to support any of the claims made by plaintiff for these alleged expenses. In our view, Supreme Court, in ascertaining plaintiff's income for the purpose of calculating his child support obligation, properly declined to reduce his income by the claimed unreimbursed employee expenses as they were not supported by proof (*see*, *id.*, at 645).

We also reject plaintiff's argument that defendant did not establish her entitlement to an upward modification of child support. Plaintiff relies on the holding of this Court in *Matter of Lunman v Lomanto* (239 AD2d 770) that child support provisions in a separation agreement, which have been incorporated but not merged in the judgment of divorce, "should not be disturbed absent a showing that the agreement was unfair or inequitable when entered into, or 'that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need' * * * or that a child's right to receive adequate support is not being met" (*id.*, at 770, quoting *Merl v Merl*, 67 NY2d 359, 362). Indeed, *Matter of Lunman* is factu-

ally distinguishable from the instant case, as the parties herein specifically agreed that the support provisions in the stipulation would "be without prejudice to [defendant's] application for an upward modification based upon such change". In our view, Supreme Court justifiably found that plaintiff's gross income had substantially increased and that defendant is entitled to arrears for the time plaintiff failed to comply with the agreement.

Our review of the record reveals, however, that Supreme Court did not follow Domestic Relations Law § 240 (1-b) (c) in calculating plaintiff's revised yearly child support obligation by failing to consider *defendant's* income for years 1991 through 1997. Additionally, we find that plaintiff's correct gross income for 1991 was $43,737 as reflected in the 1991 income information worksheet attached to the parties' 1991 joint income tax return. Furthermore, we do not find sufficient support in the record for Supreme Court's conclusion that plaintiff's 1997 gross income was $50,440, as plaintiff's handwritten submission reflects that his wages were $40,902, a figure which is confirmed by a copy of his 1997 W-2 form. In light of these errors this matter should be remitted to Supreme Court for further proof and recalculation of plaintiff's child support obligation for the relevant period pursuant to the provisions of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]).

In the interim, plaintiff shall continue to pay defendant $100 per week as directed in Supreme Court's arrears order until otherwise ordered by Supreme Court at the time it recalculates plaintiff's arrears.

We have considered plaintiff's remaining contentions and find them to be without merit.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law and facts, without costs, by reversing so much thereof as partially granted defendant's motion; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the judgment is reversed, on the law and the facts, without costs.