◼ In the Matter of ROSEMARY A. LANGLITZ, Appellant, v DAVID G. OCHSE, Respondent. [701 NYS2d 725] —Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered April 20, 1999, which, *inter alia*, partially dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order of child support.

The parties were married in 1977 and have two children, born in 1979 and 1982. Pursuant to a written separation agreement that was incorporated but not merged in the parties' November 1986 judgment of divorce, respondent was to pay child support, insofar as is relevant to this appeal, in the amount of $300 per month per child until September 1987 and $250 per month per child thereafter. Additionally, the parties agreed to contribute toward the children's respective college educations.

Petitioner commenced this proceeding in July 1998 seeking an upward modification of respondent's child support obligation, contending that there had been a significant increase in both respondent's income and the children's needs. Thereafter, in December 1998, a Hearing Examiner granted petitioner's request, increasing respondent's support obligation to $625 per month per child and directing that respondent pay 75% of those college expenses incurred by his son that were not covered by scholarships and grants. Upon consideration of the objections filed by respondent, Family Court reversed so much of the Hearing Examiner's order as increased respondent's support obligation and modified respondent's obligations relative to his son's college expenses. This appeal by petitioner ensued.

We affirm. It is well settled that where, as here, a party seeks to modify the child support provisions of a separation agreement that has been incorporated but not merged in a judgment of divorce, he or she bears the burden of demonstrating "that the agreement was unfair or inequitable when entered into *or* that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need *or* that the needs of the children are not being adequately met" (*Matter of Cook v Bornhorst*, 230 AD2d 934, 935 [emphasis supplied]; *see, Matter of Lunman v Lomanto*,

239 AD2d 770). Absent such a showing, an application for an upward modification of child support will not be granted unless the separation agreement itself expressly provides for modification upon a lesser burden of proof (*see, La Porte v La Porte,* 263 AD2d 585, 587-588; *Putnick v Rockcastle,* 244 AD2d 839, 839-840).

Petitioner's primary argument on appeal is that respondent's child support obligation as set forth in the parties' separation agreement was expressly predicated upon the parties' then-existing income levels and, hence, the agreement itself both contemplates and permits an increase in support simply upon a showing of an increase in income. We cannot agree. The primary provision of the separation agreement upon which petitioner relies, which simply recites that "the support figures set forth [t]herein are based on the parties present incomes and standards of living", falls far short of the language required to circumvent the traditional requirements for modification (*compare, La Porte v La Porte, supra* [parties agreed that the defendant could seek an upward modification of child support based upon a change of employment or income]; *Putnick v Rockcastle, supra* [modification could be sought based upon change in financial circumstances, loss or increase in income or improvement in financial condition]). Accordingly, Family Court correctly concluded that the parties' separation agreement did not provide an independent basis for modification of respondent's child support obligation.

Returning to the traditional test, petitioner has neither alleged nor proven that the separation agreement was unfair or inequitable when entered into, nor has she demonstrated that the children's basic needs are not being met by the current level of support and her income. Our inquiry, therefore, distills to whether there has been an unanticipated and unreasonable change in circumstances warranting an upward modification of support. In this regard, petitioner's proof consisted of nothing more than establishing the generalized increased needs of growing children and demonstrating an increase in respondent's income, which this Court repeatedly has held is insufficient to support an upward modification of support (*see, Greenaway v Greenaway,* 262 AD2d 855, 856-857; *Hall v Hall,* 244 AD2d 848, 848-849).

Petitioner's remaining contentions, including her assertion that Family Court Act § 413 (1) (*l*) and/or Family Court Act § 413 (3) (a) also provide a basis for modification, have been examined and found to be lacking in merit. Accordingly, Family Court's order is affirmed.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.