■ In the Matter of MARGARET BARRETT, Respondent, v JAMES BARRETT, Appellant. [722 NYS2d 270] —Spain, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered February 22, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a modification of a prior order of support.

The parties were married on July 28, 1973 and became the parents of three sons: Matthew (born in 1976), Robert (born in 1977) and Ryan (born in 1984). In 1986, petitioner and respondent entered into a separation agreement (hereinafter the agreement) in which, *inter alia*, respondent agreed to pay petitioner $111.11 per week per child as child support and the sum of $166.67 per week as maintenance. Respondent also agreed to pay all college tuition and medical insurance coverage for the children. At the time of the agreement, petitioner was unemployed and respondent was earning between $30,000 and $50,000 a year. A divorce decree was issued on June 16, 1988 which incorporated, without merger, the separation agreement.

On March 18, 1999, respondent—still obligated to support Robert because he was in college—filed a petition in Family Court seeking an order terminating his support obligation for Robert contending that Robert, although a full-time college student, was working full time and therefore was "emancipated," as defined in the separation agreement. Petitioner filed a cross petition seeking an upward modification of child support alleging that respondent's income had increased dramatically since October 1986 and that, inasmuch as Ryan's needs had increased substantially, she was not able to adequately meet them with the child support she was receiving and her income.

In July 1999, respondent moved to dismiss petitioner's cross petition and for a protective order seeking relief from the necessity of his filing a financial disclosure statement and copies of his income tax returns. Both of respondent's motions were

denied. In August 1999, respondent provided petitioner with a copy of his 1998 Federal income tax return and a financial disclosure affidavit. Respondent did not produce tax returns for 1995, 1996 and 1997, although specifically requested by petitioner.

According to respondent's August 9, 1999 financial disclosure affidavit, he had weekly wages of $2,100 with an additional $189.25 per week attributable to other investment income. Respondent reported no liabilities, a savings account balance of $16,000 and stocks valued at $100,000; the affidavit indicates a total income for 1998 of $1,309,235, followed by a notation which explains that the income was derived from the sale of a business. Respondent's 1998 tax return shows annual wages of $534,174, interest of $37,451, dividends of $8,091, a capital gain of $1,061,753, business income of $1,750 and commissions of $50,000. As a result of respondent's failure to produce all of the requested tax returns, petitioner served respondent with a judicial subpoena duces tecum requesting income and partnership returns from previous years, as well as documents related to the sale of respondent's business in 1998 or 1999. The subpoena was made returnable in Family Court on September 17, 1999.

A hearing was held on October 29, 1999 and before proof was taken, respondent withdrew his petition for a downward modification and produced a copy of his 1997 income tax return. The matter proceeded on petitioner's cross petition for an upward modification of child support. Petitioner first called respondent to testify and offered into evidence his 1997 and 1998 income tax returns. When respondent attempted to "explain" his 1998 tax return, the Hearing Examiner granted petitioner's motion to preclude respondent from referring to any documents or otherwise attempting to explain the income reported on the 1998 tax return as a consequence of respondent's failure to turn over the materials requested six weeks earlier in the subpoena.

By decision and order the Hearing Examiner granted the cross petition for modification, increasing respondent's child support obligation for Ryan to $226 per week. Both parties filed objections. On review, Family Court concluded that the Hearing Examiner had properly precluded respondent from offering testimony "explaining" his 1998 tax return and that a modification was justified, further increasing respondent's weekly child support obligation for Ryan to $800. Respondent appeals and we affirm.

Initially, we reject respondent's contention that Family

Court's preclusion order was improper. The purpose of a subpoena duces tecum is " 'to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding' " (*Matter of Terry D.*, 81 NY2d 1042, 1044, quoting *Matter of Constantine v Leto*, 157 AD2d 376, 378, *affd* 77 NY2d 975) and is not to be used to expand the scope of discovery (*see, Matter of Terry D., supra*, at 1045; *People v Carpenter*, 240 AD2d 863, 864, *lv denied* 90 NY2d 902; *Bostic v State of New York*, 232 AD2d 837, 839, *lv denied* 89 NY2d 807). "A motion to quash or vacate, of course, is the proper and exclusive vehicle to challenge the validity of a subpoena" (*Matter of Brunswick Hosp. Ctr. v Hynes*, 52 NY2d 333, 339 [citations omitted]), and such a motion should be made before the return date of the subpoena (*see, id.*).

Here, respondent's notation in his financial disclosure affidavit explaining his 1998 income with regard to the sale of his business caused petitioner to request documents pertaining to that sale. Petitioner did not improperly use the subpoena to "expand" the bounds of her discovery; rather, she used it as a vehicle to receive relevant and material documents. As the Hearing Examiner noted, the subpoena was served on September 16, 1999. Respondent did not respond or move to quash the subpoena and then simply showed up at the hearing on October 29, 1999 without the subpoenaed documents. Respondent had well over a month to make a motion to quash but failed to do so. As respondent did not properly challenge the subpoena, his "conduct must not inure to [his] benefit" (*Osterhoudt v Wal-Mart Stores*, 273 AD2d 673, 675). Thus, the Hearing Examiner properly precluded respondent from explaining his 1998 income tax return and from referring to any document not produced which was the subject of the subpoena. Respondent's suggestion that Family Court Act § 424-a is the exclusive vehicle for financial disclosure in child support proceedings in Family Court—to the exclusion of the CPLR—is without merit.

On the merits, we conclude that the upward modification was within the bounds of Family Court's discretion. "Family Court possesses jurisdiction to modify child support provisions even when the terms flow from a separation agreement incorporated without merger into a divorce decree, and absent an abuse of discretion its determination will not be disturbed" (*Matter of Allen v Allen*, 145 AD2d 868, 869). The party seeking modification "bears the burden of demonstrating * * * 'that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need *or* that the needs of the children are not being adequately met' " (*Mat-*

*ter of Langlitz v Ochse*, 268 AD2d 865, 865 [emphasis in original], quoting *Matter of Cook v Bornhorst*, 230 AD2d 934, 935; *see, Hall v Hall*, 244 AD2d 848, 848; *Matter of Lunman v Lomanto*, 239 AD2d 770, 770). However, "neither an increase in the income of the noncustodial parent nor the generalized increased needs of the parties' growing children, standing alone, are sufficient to warrant an upward modification of support" (*Hall v Hall, supra*, at 849; *see, Matter of Lunman v Lomanto, supra*, at 771; *Matter of Bouille v Bouille*, 192 AD2d 802, 803; *Matter of Healey v Healey*, 190 AD2d 965, 968).

Here, both parties have seen a substantial, demonstrable change in circumstances since the 1986 agreement when petitioner was not working outside the home and respondent was earning between $30,000 to $50,000 per year. Petitioner's 1998 income tax return reported wages of $33,150 and $8,667 in spousal maintenance, while in 1998 respondent reported wages of $534,174 not including interest, dividends, business income and commissions. Petitioner's testimony established that Ryan's needs have substantially increased, as have the household expenses, and that she cannot adequately meet these needs. Under these circumstances, an upward modification of support—based on such a dramatic increase in respondent's income, coupled with his growing child's increasing needs and petitioner's demonstrated inability to adequately provide for those needs—is clearly warranted (*see, Matter of Brescia v Fitts*, 56 NY2d 132, 140; *Matter of Raymond v Pietro*, 228 AD2d 754; *Nicholas v Cirelli*, 209 AD2d 840). Accordingly, Family Court did not abuse its discretion when it modified respondent's support obligation (*see, Matter of Allen v Allen*, 145 AD2d 868, 869-870, *supra*).

Finally, Family Court properly considered the relevant factors when calculating the amount of support. The Family Court Act sets forth the factors to be considered in setting the basic child support obligation and the noncustodial parent's pro rata share of that obligation (*see,* Family Ct Act § 413 [1]). Family Court may deviate from the formula when strict application of the guidelines will produce unjust results, as long as it sets forth its reasons for the deviation (*see,* Family Ct Act § 413 [1] [g]; *Carlson-Subik v Subik*, 257 AD2d 859, 861). Here, Family Court set forth, in a step-by-step fashion, the manner by which it calculated respondent's income and the combined parental income (*see, Matter of Cassano v Cassano*, 85 NY2d 649, 654-655). The court then properly found that a "blind" application of the percentages to the combined parental income over $80,000 would be unjust to respondent and—in accordance

with Family Court Act § 413 (1) (c) (3)—applied, once again in a step-by-step manner, the factors set forth in Family Court Act § 413 (1) (f).

Addressing respondent's argument that Family Court misapplied factor (8), it should be noted that this discretionary factor addresses the needs of other children of the noncustodial parent who are also being provided support by that parent (*see,* Family Ct Act § 413 [1] [f] [8]). Even if respondent's contribution to the costs of the education of Robert were to qualify as support of other children within the meaning of factor (8), said factor applies "only if the resources available to support such children are less than the resources available to support the children who are subject to the instant action" (Family Ct Act § 413 [1] [f] [8]; *see, Matter of Picciullo v Collein,* 226 AD2d 643, 643-644; *see also, Matter of Hewitt v Hewitt,* 247 AD2d 751, 753; *Matter of Meyers v Cicci,* 233 AD2d 723). Here, the parental resources available to provide a college education to Robert are virtually the same as the resources available to support Ryan. Indeed, Robert's resources—he has a full-time job—might well be added to the parents' resources to more firmly establish that the resources available to support Robert are not less than those available to support Ryan. Accordingly, we agree with Family Court that the needs of other children are not a factor.

In our view, Family Court did not abuse its discretion in its determination that respondent's child support obligation for Ryan should be $800 per week.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.