■ Carolyn I. Hejna, Respondent-Appellant, v Andrew A. Reilly, Appellant-Respondent. (And a Related Proceeding.) [810 NYS2d 242]—

Mercure, J.P. Cross appeals from an order of the Supreme Court (Teresi, J.), entered December 13, 2004 which, inter alia, partially denied plaintiff's motion to modify the child support provisions of the parties' separation agreement.

Appeal from an order of the Family Court of Albany County (Maney, J.), entered August 4, 2005, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

In April 1997, the parties entered into a separation agreement which was incorporated, but not merged, into their judgment of divorce. Plaintiff (hereinafter the mother) obtained primary physical custody of the parties' two children, a daughter (born in 1986) and a son (born in 1988). As relevant here, defendant (hereinafter the father) agreed to pay $603.59 in biweekly child support and to contribute one half of the college tuition expenses for each of the children "based upon the cost of same at a New York State supported college, equivalent to SUNY Albany." In September 2003, while still in high school, the daughter elected to take courses at SUNY Albany, for which the father paid. A year later, the daughter matriculated at Yale University.

The mother then moved for modification of the child support provisions of the separation agreement, seeking increased child support and to direct the father to pay one half of each child's college expenses as determined by the institution actually attended by the child. The father cross-moved for (1) partial reimbursement of the expenses incurred during the daughter's attendance at SUNY Albany and (2) recoupment of support paid to the mother while the daughter allegedly resided with him. Supreme Court granted the mother's motion for an upward modification of child support from biweekly payments of $603.59 to weekly payments of $642 and the father's cross motion for a money judgment based upon the daughter's SUNY Albany ex-

penses, and otherwise denied the motions. Thereafter, Family Court dismissed the father's separate application for modification of the prior support order as barred by the doctrine of collateral estoppel. The parties now cross-appeal from Supreme Court's order and the father appeals from Family Court's order.

We reject the mother's argument that the child support provisions should be modified. It is well settled that the child support provisions of separation agreements that are incorporated but not merged into divorce decrees "can be modified [only] if it is shown that the agreement was not fair and equitable when entered into or that there has been a subsequent unanticipated change in circumstances and a concomitant showing of need" (*Matter of Antes v Miller*, 304 AD2d 892, 893 [2003]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). The mother does not assert that the terms of the agreement were unfair or inequitable. Rather, she argues that an unanticipated change in circumstances has occurred based upon the father's increased income and his receipt of a $58,332 inheritance, as well as the daughter's choice to attend a costly private university.

Contrary to the mother's arguments, however, "neither an increase in the income of the noncustodial parent nor the generalized increased needs of the parties' growing children, standing alone, are sufficient to warrant an upward modification of support" (*Hall v Hall*, 244 AD2d 848, 849 [1997]; *see Matter of Barrett v Barrett*, 281 AD2d 799, 802 [2001]). Where, as here, a separation agreement "manifests an understanding that the child might pursue a college education [and] [s]pecific provision was made . . . to cover those expenses," an unanticipated or unreasonable change in circumstances will not be found based solely on an increase in the cost of that education (*Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *see Matter of Gravlin v Ruppert, supra* at 5). Further, neither the father's increase in income from approximately $68,000 to $80,000 nor his inheritance constituted unreasonable or unanticipated circumstances warranting a modification of child support (*see Matter of Culton v Culton*, 277 AD2d 935, 936 [2000]; *cf. Matter of Barrett v Barrett, supra* at 802).* Moreover, the mother's conclusory allegations, unsupported by documentary evidence,

---

* Our holding with respect to the father's inheritance is limited to a rejection of the mother's argument that a $58,332 bequest constitutes an unanticipated change in circumstances in light of the facts of this particular case. We do not question the proposition that, as a general matter, "while New York does not consider inheritances to fall within the statutory definition of gross income used to calculate a parent's basic child support obligation, it treats the entire amount of the inheritance as an available resource where additional support is warranted" (*Matter of Cody v Evans-Cody*, 291 AD2d 27,

that the cost of the daughter's education has left her without adequate support are insufficient to establish that the children's needs are not being met (*see Etzel v Etzel*, 22 AD3d 906, 908 [2005]; *Kinsella v Kinsella*, 206 AD2d 889, 890 [1994]; *cf. Matter of Brescia v Fitts*, 56 NY2d 132, 140 [1982]; *Matter of Plog v Plog*, 258 AD2d 713, 714-715 [1999]). Thus, in our view, the mother's petition for modification must be dismissed.

We agree with the mother, however, that Supreme Court improperly directed her to reimburse the father for expenses that he incurred when the daughter attended SUNY Albany. The parties agreed only that the father would be responsible for a certain portion of the children's college expenses and, in the absence of any indication that the mother would be required to provide an equal amount, such a term may not be reasonably implied by the agreement's language (*see Stewart v Stewart*, 266 AD2d 702, 704-705 [1999]; *Hewlett v Hewlett*, 243 AD2d 964, 965-966 [1997], *lvs dismissed* 91 NY2d 887 [1998], 95 NY2d 778 [2000]). In addition, the father's allegations that the mother had violated the separation agreement by continuing to collect child support while the daughter resided with him after May 2003 are unsupported by the record.

Finally, we conclude that Family Court correctly dismissed on collateral estoppel grounds the father's separate petition to modify the support agreement based upon the daughter's alleged May 2003 change in residence. The issue of whether the parties' support obligations should have been modified due to the daughter's residence with the father after May 2003 was necessarily determined in connection with the father's cross motion for reimbursement of child support and he has failed to demonstrate the absence of a full and fair opportunity to contest that prior determination (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]).

Spain, Carpinello and Kane, JJ., concur. Ordered that the order of the. Supreme Court is modified, without costs, by reversing so much thereof as granted the mother's motion for an upward modification of child support and as granted the father's cross motion for a money judgment based upon the daughter's college expenses; motion and cross motion denied in their entirety; and, as so modified, affirmed. Ordered that the order of the Family Court of Albany County is affirmed, without costs.

31 [2001]; *see* Family Ct Act § 413 [1] [e]; *Matter of Bryant v Bryant*, 235 AD2d 116, 120 [1997]).