■ In the Matter of JOANNE L. SCHRODER, Appellant, v GUNTHER SCHRODER, Respondent. [613 NYS2d 969] —Yesawich

Jr., J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 5, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties, married in 1976, have one child, Heidi, who was born in 1978 and has Down's syndrome. In October 1984 the parties entered into a separation agreement, which was incorporated but not merged into a judgment of divorce in April 1985. The agreement, which from this record appears to have been fairly arrived at, provides for joint custody of Heidi, with petitioner to have primary physical custody and respondent to have visitation. Respondent was to pay petitioner $100 per month as child support for Heidi and one half of the child's medical expenses not covered by insurance. In July 1990, in response to petitioner's repeated requests, respondent increased his payments to $125 per month.

Petitioner commenced this proceeding in February 1991 seeking a further increase in child support on the ground that Heidi's needs had increased substantially, and unexpectedly, since the separation agreement was executed. After a fact-finding hearing, the Hearing Examiner found Heidi's lack of development as she grew from age six to 13, her increased activities and respondent's refusal to participate in Heidi's upbringing or to exercise visitation since May 1990 to have been unanticipated changes in circumstances, resulting in a need for more child support than that required by the terms of the agreement. Respondent objected to the Hearing Examiner's decision, which set his child support obligation in accordance with the Child Support Standards Act (Family Ct Act § 413) at $360 per month. Family Court, though agreeing with the Hearing Examiner that Heidi's lack of development was unanticipated, reversed the decision on the basis that no "concomitant need" had been demonstrated, and dismissed the petition. Petitioner appeals.

Family Court's decision is predicated on a finding that petitioner has not demonstrated an inability to meet Heidi's needs with the amount of support she is currently receiving from respondent. This analysis, however, improperly equates the "concomitant need" required to justify modification of a preexisting agreement, when there has been an unanticipated and unreasonable change in circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210, 213), with a showing of inadequate child support *(see, Matter of Brescia v Fitts,* 56 NY2d

132, 138). If the situation has changed to a degree that could not have been contemplated by the parties when they entered into the agreement, it is not necessary to prove that the petitioning party is no longer able to meet the child's needs, but only that the changes have, in fact, resulted in a significant increase in those needs which render the terms of the agreement unfair.

On this record, it is clear that Heidi's lack of development and corresponding increase in needs was not anticipated when the agreement was signed. Medical testimony established that it would have been impossible, at that time, to predict the level of mental functioning Heidi might attain by the age of 13, and the Hearing Examiner also credited petitioner's testimony to the effect that, because Heidi had appeared to have only slight manifestations of Down's syndrome when she was born and throughout her young childhood, neither parent had expected her to be nearly as delayed in her development as she in fact was. Petitioner also testified that this deviation from the predicted course of mental and emotional development has resulted in Heidi needing more structured activities, and more oversight, than would have otherwise been necessary.

The child's needs having increased since the execution of the separation agreement, as a result of an unanticipated change in circumstances, the tests set forth in *Matter of Boden v Boden (supra)* were satisfied and petitioner was entitled to a modification of the support requirements without first demonstrating her inability to meet Heidi's increased support needs. Inasmuch as it does not appear that the merits of respondent's objections to the Hearing Examiner's order were addressed by Family Court, a remittal to enable that court to do so is appropriate.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.