In the Matter of PATRICIA McCLUSKEY, Respondent, v ROBERT B. HOWARD, JR., Appellant. [784 NYS2d 729]—

Mercure, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 25, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

Upon the parties' 1997 divorce, respondent (hereinafter the father) agreed in a stipulation to pay child support for the parties' two minor children in the amount of $117 per week and to share the cost of health insurance, uninsured medical expenses, child care fees and tutoring, as set forth in a prior order of support that was incorporated but not merged into the judgment of divorce. In 2002, petitioner (hereinafter the mother) filed a petition pursuant to Family Ct Act article 4 seeking an upward modification of child support. As relevant here, a Support Magistrate determined that the mother had adequately demonstrated a change in circumstances sufficient to warrant modification of the support order. After imputing income from various sources to the father, the Support Magistrate concluded that the father's child support obligation should be increased to $327.64 per week. Family Court thereafter dismissed the father's written objections to the Support Magistrate's findings of fact. The father now appeals, asserting that the mother failed to adequately demonstrate a change in circumstances. We agree and now reverse.

A party seeking a modification of a child support order arising out of an agreement or stipulation has the burden of establishing that the agreement was unfair when made or that there has been an unanticipated and unreasonable change in circumstances giving rise to a concomitant unmet need (*see Matter of Ellenbogen v Ellenbogen*, 6 AD3d 1026, 1027 [2004]; *Matter of Watrous v Watrous*, 295 AD2d 664, 666 [2002]; *see also Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). The mother does not claim that the amount of child support to which the parties originally consented was unfair or inequitable; instead, she argues that a change in circumstances has occurred. Specifically, the mother argues that the father's income and the children's needs have both increased and that she has had to

incur extensive debt to meet those needs. The mother's testimony, however, revealed that her increased debt and expenditures were largely of her own choosing. The mother stated, for example, that although she had adequate and affordable housing for the children during the four years that she lived with her mother, she elected to purchase a home costing $134,000, and which had structural defects in need of considerable repair. She also indicated that although she had done so in the past, she now prefers not to work during the summer, thereby decreasing her own income. Finally, a portion of the mother's debt was incurred in connection with her pursuit of an advanced degree, prior to the divorce. These decisions of the mother and the increase in debt resulting therefrom were not unforeseeable at the time of the divorce and, in any event, evince her own preferences rather than unmet needs of the children warranting an upward modification of support (*see Matter of Brescia v Fitts*, 56 NY2d 132, 139 [1982]; *Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]).

Moreover, we note that the mother's allegations that the father failed to reimburse her for certain medical bills were contradicted by her admissions that the father is not in default in paying bills and that she did not always submit bills for reimbursement to him simply because she felt that it would be difficult to get him to pay. Similarly, her assertion that the children were no longer able to go on vacations as they had during the marriage was contradicted by her testimony that they had been on vacations with their father and also had been on trips paid for by their grandparents after the parties' divorce. Finally, the mother failed to demonstrate that the remaining expenses claimed were not elective or foreseen. Beyond the expenses discussed above, the mother asserted only an expected "increase in the income of the noncustodial parent [and] the generalized increased needs of the parties' growing children, [which,] standing alone, are [not] sufficient to warrant an upward modification of support" (*Hall v Hall*, 244 AD2d 848, 849 [1997]; *see Engel v Jacobs*, 297 AD2d 657, 658 [2002]; *Matter of Gentry v Littlewood*, 269 AD2d 846, 846 [2000]). In sum, we conclude that the mother failed to meet her initial burden of demonstrating that the needs of the children were not met or that an unforeseen change in circumstances warranted modification of the agreed-upon support and, thus, the petition should have been dismissed. Our decision renders the parties' remaining arguments academic.

Crew III, Spain and Carpinello, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is reversed, without costs, and petition dismissed.