■ In the Matter of ADELE ANDREWS, Respondent, v JOHN R. ANDREWS, Appellant. [803 NYS2d 121]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Turbow, J.), dated July 6, 2004, which denied his objections to an order of the same court (Shamahs, S.M.), dated November 10, 2003, which, after a hearing, granted the mother's application for an upward modification of his child support obligation and directed him to pay a pro rata share of the educational expenses of the parties' oldest child.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated November 10, 2003, as granted the mother's application for an upward modification of his child support obligation and substituting therefor a provision granting that objection; as so modified, the order is affirmed, with costs to the father, the application for an upward modification of the father's child support obligation is denied, and the order dated November 10, 2003, is modified accordingly.

The mother commenced this proceeding seeking, inter alia, an upward modification of the father's child support obligation set forth in a stipulation of settlement that was incorporated but not merged into the parties' 1998 judgment of divorce. However, the mother did not demonstrate that the agreement was unfair or inequitable when entered into, that an unanticipated and unreasonable change in circumstances had occurred, or that the right of the parties' children to receive adequate support was not being met (*see Matter of Brescia v Fitts,* 56 NY2d 132 [1982]; *Engel v Jacobs,* 297 AD2d 657 [2002]; *Jaeger v Jaeger,* 260 AD2d 351 [1999]). Thus, the Family Court should have granted the father's objection to the upward modification of his child support obligation.

However, the Family Court properly denied the father's objection to so much of the Support Magistrate's order as directed him to pay a pro rata share of the educational expenses for the parties' oldest child. The stipulation of settlement expressly authorized the mother to petition any court of competent jurisdiction to extend the father's obligation to pay such expenses if the child continued at private school beyond the eighth grade, which the child has. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.