■ John W. Dax, Appellant, v Jocelyn M. Dax, Respondent. [809 NYS2d 672]—

---

* Petitioner also made a motion for reconsideration of Supreme Court's decision, which was denied.

Rose, J. Appeal from an order of the Supreme Court (McNamara, J.), entered December 6, 2004 in Albany County, which denied plaintiff's motion to modify the child support provisions of a prior judgment of divorce.

The parties married in 1973 and are the parents of one child born in 1986. They entered into a separation agreement in 1989, which was incorporated but not merged in their 1990 judgment of divorce. Among other terms, the parties agreed that plaintiff would pay $300 per week in child support until the child reaches the age of 23. Plaintiff also agreed to assume all costs of the child's college education, specifically including room and board. After the child began attending Brandeis University at a total annual cost of nearly $40,000, plaintiff moved for an order eliminating his payment of the agreed-upon child support during those weeks when the child resides at college. Supreme Court found that the child's residence at college was clearly anticipated in the agreement to pay child support and denied the motion, prompting this appeal.

"[A] party seeking to modify a child support order arising out of an agreement or stipulation must first establish that the stipulation was unfair when entered into or that there has been an unanticipated and unreasonable change in circumstances leading to an accompanying need" (*Matter of Watrous v Watrous*, 295 AD2d 664, 666 [2002]; *see Merl v Merl*, 67 NY2d 359, 362 [1986]; *Matter of Ellenbogen v Ellenbogen*, 6 AD3d 1026, 1027 [2004]). Plaintiff does not claim that the agreement was unfair or inequitable when entered into, but that a change in circumstances has occurred because the cost of the child's college education is much greater than he had anticipated. Considering, however, that plaintiff was actively involved in choosing the child's college and seeks no relief from his obligation to pay for college expenses, neither those expenses nor the child's residence at college can be said to be both unanticipated and unreasonable (*see Katz v Katz*, 188 AD2d 827, 828 [1992]; *Matter of Smith v Smith*, 159 AD2d 929, 929 [1990]). Accordingly, Supreme Court did not err in denying plaintiff's motion for a reduction in child support.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur.
Ordered that the order is affirmed, without costs.