■ In the Matter of TIMOTHY J. WETTSTEIN, Appellant, v DANIELLA VERGA, Respondent. [835 NYS2d 318]—

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated January 27, 2006, which denied his objections to so much of an order of the same court (Dwyer, S.M.), dated November 7, 2005, as denied his petition for an upward modification of the mother's child support obligation and allocation of child care and college expenses.

Ordered that the order dated January 27, 2006, is modified, on the law, by deleting the provisions thereof denying the petitioner's objections to so much of the order dated November 7, 2005, as denied those branches of the petition which were for an upward modification of the mother's basic child support obligation and allocation of child care expenses, and substituting therefor a provision sustaining those objections, and vacating the provisions of the order dated November 7, 2005, which denied the branches of the petition which were for an upward modification of the mother's basic child support obligation and allocation of child care expenses as so modified, the order dated January 27, 2006, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination thereafter of the mother's basic child support obligation pursuant to the Child Support Standards Act and her share of child care expenses (*see* Family Ct Act § 413).

The Support Magistrate's order denied the father's petition for an upward modification of the mother's child support obligation on the grounds that the mother's original child support obligation of $120 per week, which included child care expenses, was set forth in a stipulation of settlement incorporated but not merged in the parties' judgment of divorce, no unreasonable and unanticipated change in circumstances had occurred, and the petitioner failed to demonstrate that the child's needs were not being met (*see Matter of Silver v Akerson*, 34 AD3d 487 [2006]; *Barson v Barson*, 32 AD3d 872, 873 [2006]; *Matter of Terjesen v Terjesen*, 29 AD3d 705 [2006]; *Matter of Andrews v Andrews*, 22 AD3d 749, 750 [2005]). However, that determination was contrary to the express terms of the stipulation, which provided: "any change to the provisions hereof that the parties cannot agree upon may be the subject of further court proceedings."

In a stipulation of settlement, the parties by agreement may forego the "unanticipated and unreasonable change in circumstances" standard for modification (*Matter of Brescia v Fitts*, 56 NY2d 132, 138 [1982]; *cf. Matter of Fein v Gilchrist*, 23 AD3d

558 [2005]). In any event, subsequent to the parties' entering into the stipulation and the entry of the judgment of divorce, the child was diagnosed with attention deficit hyperactivity disorder, which constituted an unanticipated change in circumstances. When the parties entered into the stipulation and when the judgment of divorce incorporating the terms of the stipulation was entered, the child was under four years of age. Her condition did not become apparent until she was in the first grade. The instant case is thus distinguishable from *Sherman v Sherman* (28 AD3d 738 [2006]), where the parties' stipulations had taken into account the diagnosis of attention deficit hyperactivity disorder, and made provisions therefor.

However, we agree with the determination of the Family Court that the branch of the petition which addressed college expenses was premature (*see McNally v McNally*, 251 AD2d 302, 304 [1998]).

In view of the foregoing, we remit the matter to the Family Court, Nassau County, for a hearing and a new determination thereafter of the mother's basic child support obligation pursuant to the Child Support Standards Act and her share of child care expenses (*see* Family Ct Act § 413). Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.