■ In the Matter of KATHERINE A. SIDOTI, Respondent, v LOUIS A. SIDOTI, Appellant. [837 NYS2d 780]—

Cardona, P.J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered March 24, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

The parties were married in 1997 and have three children (born in 1998, 1999, 2000). In August 2001, they entered into a separation agreement which was incorporated but not merged into their September 2001 judgment of divorce. The agreement provided for joint legal custody with petitioner as primary custodian. The parties agreed to opt out of the provisions of the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]), limiting respondent's monthly child support obligation to $2,433. Respondent, who at the time of the agreement had annual income of $207,000, also agreed to maintain health insurance for the children and pay a pro rata share of any unreimbursed medical expenses, amounting to 100% thereof inasmuch as petitioner was not employed.

In November 2002, approximately a year after the divorce was finalized, the parties' youngest daughter was diagnosed with autism, a learning and developmental disability. As is relevant herein, in September 2003, petitioner filed this petition seeking a modification of respondent's child support obligations inasmuch as this child's needs had unexpectedly increased due to her diagnosis. The Support Magistrate, among other things, increased respondent's child support obligation to $3,011 in accordance with the CSSA. Respondent's subsequent objections to the Support Magistrate's findings were dismissed by Family Court. Respondent appeals, asserting that petitioner failed to meet her burden warranting a modification of child support.

A party seeking modification of a child support provision derived from an agreement or stipulation incorporated but not merged into a divorce decree "has the burden of proving that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need

or that the needs of the children are not being adequately met" (*Matter of Cook v Bornhorst*, 230 AD2d 934, 935 [1996]; *see Merl v Merl*, 67 NY2d 359, 362 [1986]). Here, the basis for modifying the terms of the separation agreement is that there has been an unanticipated and unreasonable change in circumstances. To that end, "[i]f the situation has changed to a degree that could not have been contemplated by the parties when they entered into the agreement, it is not necessary to prove that the petitioning party is no longer able to meet the child's needs, but only that the changes have, in fact, resulted in a significant increase in those needs which render the terms of the agreement unfair" (*Matter of Schroder v Schroder*, 205 AD2d 986, 988 [1994]; *see Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]).

Here, the youngest daughter's diagnosis of autism, which the developmental pediatrician explained as "severely involved" and "not a mild case of autism," constitutes an unforeseen change in circumstances not anticipated by the parties at the time the separation agreement was signed (*see Matter of Wettstein v Verga*, 39 AD3d 869 [2007]; *Matter of Benno v Benno*, 33 AD3d 1143, 1145 [2006]). As a result of this child's developmental delays associated with autism, the record establishes that she requires extensive therapy and a structured environment. Testimony supported the importance of effectively implementing and reinforcing her therapy needs at home, which necessitates the purchase of various toys similar to those used by her therapists. Although petitioner is able to furnish some of these items, she indicated that she cannot afford other more expensive items such as a computer, physio balls and foam steps used during the child's therapy sessions. In addition, petitioner has previously modified the child's diet to include potentially beneficial, although more expensive, "health" foods; however, again there was proof that petitioner can no longer afford such items. Although petitioner is employed part time at the child's day care center, the record indicates that her ability to work outside the home is difficult and, according to the developmental pediatrician, could be detrimental to the child's best interests. Under all the circumstances, there is no reason to disturb Family Court's finding that petitioner met her burden of establishing that the child's needs have increased due to the unanticipated diagnosis of autism thereby rendering the provisions of the agreement opting out of the CSSA to be unfair. Accordingly, petitioner is entitled to a modification of child support "without first demonstrating her inability to [financially] meet [the child's] increased support needs" (*Matter of Schroder v Schroder, supra* at 988). We again note that respondent's child

support obligation was increased only to the extent that it is in accordance with the presumptive CSSA amount.

Respondent's remaining contentions have been reviewed and found to be without merit.

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.