■ In the Matter of MEGAN MALONE, Appellant, v DAVID MALONE, Respondent. [924 NYS2d 593]—

Malone Jr., J. Appeals (1) from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered February 16, 2010, which, in a proceeding pursuant to Family Ct Act article 4, granted respondent's motion to dismiss the petition, and (2) from an order of said court, entered April 22, 2010, which granted respondent's motion for an award of counsel fees.

Petitioner and respondent were divorced in September 2009. The judgment of divorce issued by Supreme Court incorporated, but did not merge, the parties' April 2006 written separation and settlement agreement and a subsequent agreement modifying the separation agreement that was entered into by the parties in January 2009. These agreements resolved issues regarding custody of the parties' three children as well as child support payments and maintenance. Less than one month after the judgment of divorce was entered, petitioner moved, by order to show cause in Family Court, for a "de novo recalculation of [respondent's] [c]hild [s]upport obligation" or, in the alternative, an upward modification thereof. Respondent moved to dismiss the application. The parties appeared before a Support Magistrate, who granted respondent's motion. Family Court affirmed the Support Magistrate's decision, over petitioner's objections. Thereafter, respondent successfully applied for counsel fees. Petitioner appeals from both orders.

Initially, as is relevant here, Family Court is authorized to modify an agreement pertaining to child support, which has been incorporated but not merged into a judgment of divorce issued by Supreme Court, only upon a showing that a change in circumstances warrants such modification (see Family Ct Act § 451 [2] [a]; § 461 [b] [ii]; *Matter of Brescia v Fitts*, 56 NY2d 132, 139-140 [1982]; see also Domestic Relations Law § 236 [B] [9] [b]). Accordingly, petitioner's contentions regarding the validity of certain of the provisions in the separation agreement and the modified agreement were not properly raised in Family Court (see *Matter of Huddleston v Huddleston*, 14 AD3d 511, 512 [2005]).

To the extent that petitioner requested an upward modification of respondent's child support obligation, it was incumbent upon her to establish " 'that the [settlement] agreement was

unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the children are not being adequately met' " (*Matter of Sidoti v Sidoti*, 41 AD3d 944, 944-945 [2007], quoting *Matter of Cook v Bornhorst*, 230 AD2d 934, 935 [1996]). Here, petitioner requests an increase in child support from respondent due to an increase in respondent's income and due to the allegedly increased academic and behavioral needs of one of their children. However, the issue of respondent's increased income was addressed in the context of the parties' divorce and, in fact, respondent's support obligation was increased accordingly. While petitioner also alleges that respondent has income that he is not disclosing, she did not substantiate her allegations with evidence. Finally, petitioner alleges that one of the parties' children has academic and behavioral difficulties that have consumed a significant amount of her time. However, she does not indicate how this constitutes an unexpected or unreasonable change in circumstances since the time of the parties' divorce, or does she allege that the child's needs are not being met by respondent's current support contribution. Because petitioner did not demonstrate a change of circumstances or that her children's needs increased and were not being met, modification of respondent's support obligation was not warranted.

Finally, under the circumstances of this case, we are not persuaded that Family Court abused its discretion by awarding counsel fees to respondent (*see* Family Ct Act § 438 [a]; *Matter of Kemenash v McIntyre*, 205 AD2d 898, 899 [1994]). However, respondent's current request for appellate counsel fees should be directed to Family Court (*see Matter of Urbach v Krouner*, 213 AD2d 833, 836 [1995]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.