■ In the Matter of DANIEL L. HUNT, Appellant, v JAMMIE BARTLEY, Respondent. [926 NYS2d 667]—

Egan Jr., J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered June 21, 2010, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

Pursuant to the parties' written separation agreement and accompanying oral stipulation, both of which were incorporated but not merged into their subsequent judgment of divorce, petitioner (hereinafter the father) and respondent (hereinafter the mother) were awarded joint legal custody of their two children (born in 2003), with primary physical custody to the

mother and substantial parenting time to the father. In conjunction therewith, the parties waived application of the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]; Family Ct Act § 413) and agreed that the father would pay the mother $500 per month in child support. After the parties stipulated to a modification of the custody arrangement in February 2008, which resulted in shared physical custody of the children, they each unsuccessfully sought to modify the father's child support obligation.

In May 2009, the parties again modified their shared custody arrangement, in response to which the father commenced this proceeding seeking to eliminate his child support obligation altogether. A Support Magistrate dismissed the application finding, among other things, that the father failed to establish that he was the "custodial parent" for child support purposes. Family Court upheld the Support Magistrate's findings, prompting this appeal.

We affirm. "It is axiomatic that a party seeking to modify a child support order arising out of an agreement or stipulation must first establish that the stipulation was unfair when entered into or that there has been an unanticipated and unreasonable change in circumstances leading to an accompanying need" (*Matter of Watrous v Watrous*, 295 AD2d 664, 666 [2002] [citations omitted]; *see Dax v Dax*, 26 AD3d 708, 709 [2006]; *Etzel v Etzel*, 22 AD3d 906, 908 [2005]; *Matter of McCluskey v Howard*, 12 AD3d 878, 878 [2004]). The father does not contend that the amount of child support to which he and the mother agreed was unfair or inequitable in the first instance; rather, he argues that inasmuch as the current custody arrangement vests him with physical custody of the children more than 50% of the time, he is the custodial parent and, as such, should be relieved of his child support obligation.

As the Support Magistrate aptly observed, although the May 2009 order sets forth a detailed biweekly custody schedule, it nonetheless is unclear—from the face of the order itself—which parent has physical custody of the children for the majority of the time. In this regard, not only do the parties' respective custodial periods vary slightly from one two-week period to the next depending upon, among other things, whether the children are in school on a given day, but the record also reflects that the parties have not strictly adhered to the schedule set forth in the underlying order. Additionally, other than pointing to the terms of the order itself, which, at best, establishes a range of total custodial hours for each parent every two weeks, the father offered no detailed testimony as to the actual amount of time he

has physical custody of the children. In light of the foregoing, we conclude that the father failed to establish that he was the custodial parent for purposes of child support (*compare Riemersma v Riemersma*, 84 AD3d 1474, 1476 [2011]; *Rossiter v Rossiter*, 56 AD3d 1011, 1012 [2008]).[1] Furthermore, even assuming that the modified custody arrangement affords the father a marginal increase in his custodial periods,[2] there is nothing in the record to suggest that this constituted an unreasonable or unanticipated change in circumstances. Notably, a review of the parties' judgment of divorce makes clear that the father's "extensive parenting time" with the children was anticipated from the outset and, indeed, was one of the factors that prompted the parties to waive application of the Child Support Standards Act in the first instance. Under these circumstances, we cannot say that Family Court erred in dismissing the father's application (*cf. Matter of Van Buren v Burnett*, 58 AD3d 900, 901-902 [2009]).

Rose, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

1. We note in passing that the record also does not contain any information regarding parental income, which is relevant in identifying "the 'noncustodial' parent for purposes of support, notwithstanding the terms of the parties' custody agreement" (*Matter of Disidoro v Disidoro*, 81 AD3d 1228, 1229 [2011]).

2. The father argues that the May 2009 order provides him with approximately eight additional hours of parenting time with his children.