Egan Jr., J.
Appeal from an order of the Family Court of Albany County (Duggan, J.), entered April 17, 2012, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent’s objections to an order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 1996). Following their separation, the parties executed an opting-out agreement, which—insofar as is relevant here—provided that a *973 certain child support order issued by the Family Court of Greene County in 1999 would be incorporated but not merged into a future judgment of divorce. Consistent with the parties’ expectations, both the opting-out agreement and the support order referenced therein were incorporated but not merged into their 2000 judgment of divorce.
Thereafter, in April 2011, the mother commenced this proceeding seeking an upward modification of the father’s child support obligation. A Support Magistrate granted the application, prompting the father to file various objections thereto, including—insofar as is relevant here—that the Support Magistrate applied the wrong legal standard in evaluating and granting the mother’s application. Family Court upheld the Support Magistrate’s decision, and this appeal by the father ensued.
Both the Support Magistrate and Family Court erred in concluding that the mother need only demonstrate a substantial change in circumstances in order to obtain the requested upward modification of the father’s child support obligation. The case law makes clear that a party seeking to modify “a child support provision derived from an agreement or stipulation incorporated but not merged into a divorce decree has the burden of proving that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the child[ ] are not being adequately met” (Matter of Sidoti v Sidoti, 41 AD3d 944, 944-945 [2007] [internal quotation marks and citation omitted]; see Matter of Malone v Malone, 84 AD3d 1674, 1674-1675 [2011]; Matter of Baker v Baker, 80 AD3d 849, 850 [2011]; Matter of McCluskey v Howard, 12 AD3d 878, 878 [2004]). That standard applies with equal force “where, as here, the parties stipulate that a prior Family Court order of support be incorporated into a judgment of divorce” (Matter of Culton v Culton, 277 AD2d 935, 936 [2000]; see Matter of McCluskey v Howard, 12 AD3d at 878).[1]
Applying these principles to the matter before us, we find that the mother failed to demonstrate her entitlement to an upward modification of child support. Notably, the mother nei *974 ther alleged nor established that the parties’ agreement was unfair or inequitable when entered into, and the record falls far short of supporting her otherwise conclusory assertion that the existing level of support is inadequate to meet the child’s needs. Further, contrary to the mother’s assertion, “[a]n increase in the [father’s] income . . . and the cost of providing for [a] maturing child[ ] is not an unanticipated and unreasonable circumstance” (Matter of Culton v Culton, 277 AD2d at 936), nor does it constitute a sufficient basis upon which to grant an upward modification of child support (see Hejna v Reilly, 26 AD3d 709, 711 [2006]; Matter of McCluskey v Howard, 12 AD3d at 879; Matter of Langlitz v Ochse, 268 AD2d 865, 866 [2000]; Hall v Hall, 244 AD2d 848, 849 [1997]).[2] To the extent that the mother contends that other factors militate in favor of increased support, we have reviewed her arguments on this point and find them to be lacking in merit. Accordingly, Family Court erred in denying the father’s objections to the increased child support erroneously awarded by the Support Magistrate, and the underlying order must be reversed—and the petition dismissed—to that extent.
In light of this conclusion, we need not address the remaining issues raised by the father on appeal—with the exception of the directive that he pay 50% of the child’s private school tuition. Where, as here, the judgment of divorce, the opting-out agreement and the prior order of support all are silent as to the parties’ responsibility for the costs of a private secondary education, Family Court may award educational expenses as justice requires, “having regard for the circumstances of the case and of the respective parties and in the best interests of the child” (Family Ct Act § 413 [1] [c] [7]; see Matter of Wen v Wen, 304 AD2d 897, 898 [2003]; see also Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1113 [2012]; Matter of Durso v Durso, 68 AD3d 1107, 1108-1109 [2009]). “Relevant factors . . . include the parents’ educational background, the child’s academic acuity and the financial situation of the parents” (Matter of Wen v Wen, 304 AD2d at 898 [citations omitted]).
At the time of the hearing, the child was starting his fifth year at the Doane Stuart School. The father, who attended private school as a child, was consulted regarding (and did not oppose) the initial decision to send the child to a private school—a decision that was based upon, among other things, the child’s prior performance at a public elementary school. The *975 record, also reflects that the father’s stepson and daughter from a subsequent marriage both attend private schools and, further, that the father has the financial resources to contribute to his son’s educational expenses “without impairing his ability to support himself and maintain his own household” (Matter of Durso v Durso, 68 AD3d at 1109). Under these circumstances, the Support Magistrate appropriately concluded that the father should pay 50% of the child’s tuition, and Family Court, in turn, properly denied the father’s objection thereto. The parties’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the father’s objections to the upward modification of his child support obligation; objections sustained and petition dismissed to that extent; and, as so modified, affirmed.

. Contrary to the mother’s assertion, a 2010 amendment to Family Ct Act § 451 (2) (a) is of no aid to her, as the legislative history makes clear that the “substantial change in circumstances” standard set forth therein applies only to agreements or stipulations executed on or after the effective date of such amendment (see L 2010, ch 182, § 13). As the parties’ opting-out agreement was executed in 2000, they are bound by the “unanticipated and unreasonable change of circumstances” standard originally articulated by the Court of Appeals in Matter of Boden v Boden (42 NY2d 210, 213 [1977]).

. We note in passing that while the father’s income indeed has increased significantly since the execution of the parties’ agreement in 2000, the mother also enjoyed a substantial increase in income during that same time period.