McCarthy, J.
Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered February 20, 2013, which, in two proceedings pursuant to Family Ct Act article 4, granted petitioner’s objections to the order of a Support Magistrate, and (2) from the judgment entered thereon.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 1995, 1997 and 1998). The parties’ January 2012 judgment of divorce incorporated but did not merge a 2008 Family Court support order, based on the parties’ agreement, requiring the father to pay *1102 a set amount of child support to the mother. In September 2012, the mother filed two petitions, one seeking an upward modification of support and one alleging a willful violation of the 2008 order. Following a hearing, the Support Magistrate dismissed the mother’s modification petition. The Support Magistrate also found that the father violated the terms of the 2008 order that required him to inform the mother of his increase in income over $39,000 and provide her with his income tax information annually, but the Support Magistrate did not impose a penalty because no remedy was set forth in the support order or judgment of divorce. Family Court granted the mother’s objections, ordered an upward modification of the father’s support obligation and imposed a $1,887 fine for his violation of the 2008 order. The father appeals.
Family Court erred in finding that child support should be modified based on a 15% change in the father’s income. Family Ct Act § 451 (2) (b) (ii) allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances, where either party’s gross income has changed by 15% or more since the order was entered or modified. When that provision was added to the statute through a 2010 amendment, however, the Legislature provided that “if the child support order incorporated without merging a valid agreement or stipulation of the parties, the amendments [to section 451] shall only apply if the incorporated agreement or stipulation was executed on or after [October 13, 2010]” (L 2010, ch 182, § 13). The 2008 order was based upon the parties’ agreement, incorporated into the 2012 judgment of divorce and entered prior to the effective date of the statute’s 2010 amendments. Accordingly, the amendments did not apply to a modification of this order, and Family Court should not have relied on the father’s 15% increase in income as the basis for modification.
For agreements executed prior to the effective date of the amendments to Family Ct Act § 451, the standard for modifying an order based on the parties’ agreement is whether the petitioning party has demonstrated “an unanticipated and unreasonable change in circumstances” or that the children’s needs are not being met (Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; see Matter of Overbaugh v Schettini, 103 AD3d 972, 973 [2013], lv denied 21 NY3d 854 [2013]). The mother’s generalized testimony that the costs of food, health care and clothing for the children had increased, as had the father’s income, was insufficient to meet her burden under that standard (see Matter of Overbaugh v Schettini, 103 AD3d at 973-974; *1103 Matter of Culton v Culton, 277 AD2d 935, 936 [2000]; Matter of Langlitz v Ochse, 268 AD2d 865, 866 [2000]). Thus, the mother’s modification petition should be dismissed.
In regard to the violation petition, Family Court erred in determining the penalty against the father for his violation of the income disclosure provisions of the 2008 order. The 2008 order was a lawful court order containing an unequivocal mandate that the father provide the mother with specified financial information. The father does not dispute that he had actual knowledge of the terms of that order. The court determined, based on an evaluation of the parties’ testimony and credibility, that the father did not provide the required information as he was obliged to do under the order. Thus, the only element at issue to sustain a civil contempt finding against the father for violating that order is whether his “actions or failure to act defeated, impaired, impeded or prejudiced a right of the [mother]” (Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]; see Judiciary Law § 753 [A]; Family Ct Act § 156).
While Family Court found that the mother was prejudiced because she could have filed a modification petition as soon as she became aware that the father’s income increased 15% — and the court imposed a fine equal to the amount of increased child support that the mother allegedly could have received had she known of his increased income at an earlier time (see Judiciary Law § 773) — that determination was erroneous because, as discussed above, the 15% standard was not applicable here. On the other hand, because the mother testified that she did not receive the father’s tax information prior to the hearing on the instant petitions, and Family Court credited that testimony she may have been prejudiced or had her rights impaired in that she was unable to properly prepare for the hearing. Although she cannot show an actual loss or injury, a fine may still be imposed as long as it does not exceed the amount of the mother’s costs and expenses plus $250 (see Judiciary Law § 773; State of New York v Unique Ideas, 44 NY2d 345, 349 [1978]). Because the mother’s costs and expenses related to the violation petition cannot be readily separated from her expenses related to her modification petition, we impose a fine of $250 as a penalty for the father’s contempt as shown through his violation of the 2008 order.
Rose, J.E, Spain and Egan Jr., JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, without costs, by reversing so much thereof as granted petitioner’s objections to the denial of an upward modification of respondent’s child support obligation; dismiss petitioner’s *1104 modification petition and modify the fine imposed against respondent on the violation petition to $250; and, as so modified, affirmed.