## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 16, 2014                 515631
_____

In the Matter of RICHARD W.
    HOYLE JR.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

VICKI SALISBURY HOYLE,
                    Appellant.
_____

Calendar Date:   September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____

        Vicki S. Salisbury-Hoyle, appellant pro se.

_____

Peters, P.J.

        Appeal from an order of the Family Court of Otsego County
(Lambert, J.), entered January 6, 2012, which, in a proceeding
pursuant to Family Ct Act article 4, denied respondent's
objections to the order of a Support Magistrate.

        Pursuant to a separation agreement that was incorporated
but not merged with the parties' 2006 judgment of divorce,
petitioner (hereinafter the father) agreed to pay $178 per week
in child support to respondent (hereinafter the mother) for the
support of their two children (born in 2001 and 2002).  At the
time of the separation agreement, the father was employed by a
tree removal service and earning approximately $40,000 per year.
In 2009, he was found to be in willful violation of the support
order.  He was incarcerated for that violation in 2011, and
thereafter commenced the instant proceeding seeking a downward
modification of his child support obligation.  Following a
hearing, a Support Magistrate found that, through his testimony,

the father had established a substantial change in circumstances warranting a downward modification of his child support obligation.  Family Court denied the mother's written objections to the Support Magistrate's order, prompting this appeal.

We reverse.  A parent seeking to modify a child support order arising out of an agreement or stipulation must demonstrate that the agreement was unfair when entered into or that there has been a substantial, unanticipated and unreasonable change in circumstances warranting a downward modification (see Merl v Merl, 67 NY2d 359, 362 [1986]; Matter of Overbaugh v Schettini, 103 AD3d 972, 974 [2013], lv denied 21 NY3d 854 [2013]; Matter of Hunt v Bartley, 85 AD3d 1275, 1276 [2011]).  Here, the father alleged that he suffers from physical and mental ailments that prevent him from performing tree removal services, but did not offer any competent medical evidence to substantiate that claim (see Matter of Monroe v Jordan-Monroe, 103 AD3d 803, 803 [2013]; Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [2009]; Matter of Gray v Gray, 52 AD3d 1287, 1288 [2008], lv denied 11 NY3d 706 [2008]; Matter of Greene v Holmes, 31 AD3d 760, 762 [2006]; Matter of Columbia County Support Collection Unit v Demers, 29 AD3d 1092, 1093 [2006], lv denied 7 NY3d 708 [2006]; Matter of Meyer v Meyer, 305 AD2d 756, 757 [2003]).  Although the Support Magistrate found the father's testimony to be credible, his testimony here simply did not establish the existence of any medical condition that impaired his ability to perform tree removal services.

While the father claimed that he had sustained a work-related injury to his back that had progressively worsened over the years, his testimony in that regard was inconsistent and it is undisputed that he continued to perform tree removal work throughout that time.  It was only after the father sustained a chain saw injury to his left arm while attempting to remove a tree that he ceased working in the tree removal business.  Notably, the father admitted that he was not physically unable to continue performing such work as a result of this injury, but that he stopped doing so because it "kind of scares [him] after that."  Under these circumstances, we find that the father failed to meet his burden of showing a substantial change in circumstances sufficient to warrant a downward modification of

his child support (see Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766, 766-767 [2012]; Matter of Mandelowitz v Bodden, 68 AD3d 871, 874-875 [2009], lv denied 14 NY3d 710 [2010]; Matter of Van Buren v Burnett, 58 AD3d 900, 901 [2009]; D'Alesio v D'Alesio, 300 AD2d 340, 341 [2002]; Matter of Hayes v Hayes, 294 AD2d 681, 682-683 [2002]).

Lahtinen, Stein, Garry and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court