Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Lynch, J.), entered February 25, 2013 in Rensselaer County, which, upon reargument, among other things, partially granted plaintiff’s request to vacate the child support provisions embodied in the separation and modification agreements entered into between the parties, (2) from an order of said court, entered February 25, 2013 in Rensselaer County, which, among *1191 other things, denied plaintiffs motion for an upward modification of defendant’s child support obligation, and (3) from an order of said court, entered October 23, 2013 in Rensselaer County, which, among other things, determined defendant’s child support obligation.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1997 and have three minor children. In April 2006, the parties entered into a written separation and settlement agreement setting forth, among other things, the husband’s maintenance obligation and the parties’ respective obligations with respect to child support and their pro rata shares of childcare and medical expenses. The husband commenced an action for divorce in July 2008 and, during the pendency of that action, the parties entered into a modification agreement in January 2009 that, insofar as is relevant here, modified the husband’s child support obligation and the parties’ pro rata share of childcare expenses. These agreements were incorporated but not merged into the resulting September 2009 judgment of divorce.
Shortly after the judgment of divorce was entered, the wife moved — by order to show cause in Rensselaer County Family Court — seeking, among other things, a de novo recalculation of the husband’s child support obligation. The husband’s subsequent motion to dismiss was granted by a Support Magistrate, Family Court (E. Walsh, J.) denied the wife’s objections thereto and, upon appeal, this Court affirmed (Matter of Malone v Malone, 84 AD3d 1674 [2011]).
In April 2012, the wife commenced the instant action seeking, among other things, to set aside the provisions embodied in the separation and modification agreements governing the husband’s child support obligation and the parties’ pro rata shares of childcare and medical expenses. By order entered August 22, 2012, Supreme Court partially granted the requested relief— finding that the basic child support provision contained in the modification agreement failed to comply with the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [hereinafter CSSA]). The wife then successfully moved to reargue and, by order entered February 25, 2013, Supreme Court, among other things, directed the parties to reach an agreement as to the underlying child support obligation, as well as their respective pro rata shares of medical expenses. When the parties were unable to do so, Supreme Court directed — insofar as is relevant here — that the husband pay child support in the amount of $2,190 per month, in addition to 82% of the children’s unreimbursed medical expenses, and that any arrears due the wife be *1192 paid within 30 days of the court’s order.[1] In conjunction therewith, the wife requested that arrears be calculated retroactive to April 2009 (when the husband ceased paying maintenance); by order entered October 23, 2013, Supreme Court, among other things, denied the requested relief, adhered to its prior award of child support and referred the matter to the Rensselaer County Support Collection Unit.
In the interim, in September 2012, the wife moved by order to show cause seeking an upward modification of the husband’s child support obligation and contributions toward the middle child’s private school tuition; the husband opposed the motion and sought counsel fees and sanctions. By a separate order also entered February 25, 2013, Supreme Court, among other things, denied the wife’s motion in its entirety and awarded the husband counsel fees in the amount of $2,045. The wife now appeals from all but Supreme Court’s original August 2012 order.
Initially, we reject the wife’s assertion that Supreme Court erred in denying her request for an upward modification of the husband’s child support obligation. In this regard, the case law makes clear that “[a] party seeking modification of a child support provision derived from an agreement or stipulation incorporated but not merged into a divorce decree has the burden of proving that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the children are not being adequately met” (Matter of Sidoti v Sidoti, 41 AD3d 944, 944-945 [2007] [internal quotation marks and citation omitted]; see Matter of Overbaugh v Schettini, 103 AD3d 972, 973 [2013], lv denied 21 NY3d 854 [2013]). Here, nothing in the record suggests that the relevant agreements were unfair or inequitable when entered into. Further, the wife’s generalized assertions regarding an increase in the cost of goods, an increase in the cost of providing for the parties’ maturing children and/or an increase in the husband’s income are insufficient to constitute an unanticipated or unreasonable change in circumstances (see Matter of Zibell v Zibell, 112 AD3d 1101, 1102 [2013]; Matter of Overbaugh v Schettini, 103 AD3d at 974), and we are unable to conclude — on this record — that the children’s needs are not being met. Finally, the wife failed to demonstrate that the medical *1193 diagnosis made with respect to the middle child warranted an upward modification in the husband’s support obligation (compare Matter of Sidoti v Sidoti, 41 AD3d at 945). Accordingly, the requested upward modification of the husband’s child support obligation was properly denied.
As for the wife’s request that the husband be required to contribute to the cost of the middle child’s private school tuition, where, as here, the judgment of divorce and underlying agreements are silent as to the parties’ responsibility for such costs, the court “may award educational expenses as justice requires, having [due] regard for the circumstances of the case and of the respective parties and in the best interests of the child” (Matter of Overbaugh v Schettini, 103 AD3d at 974 [internal quotation marks and citation omitted]). “Relevant factors . . . include the parents’ educational background, the child’s academic acuity and the financial situation of the parents” (Matter of Wen v Wen, 304 AD2d 897, 898 [2003] [citations omitted]). In support of her application, the wife offered little more than her own subjective belief that the child in question would benefit from smaller class sizes and a more structured environment, and the record as a whole contains scant objective evidence relative to, among other things, the child’s particular academic requirements, the need for such requirements to be met in a private school setting and/or the husband’s ability to contribute to the expenses associated therewith. Given this lack of proof, we cannot say that Supreme Court abused its discretion in denying the requested contribution to the child’s tuition expenses.
We do, however, find merit to the wife’s claim that the parties’ separation and modification agreements fail to comply with the provisions of the CSSA and, therefore, a de novo determination as to child support is warranted. If an agreement or stipulation entered into between the parties “deviates from the basic child support obligation, the agreement or stipulation must specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount. Such provision may not be waived by either party or counsel” (Domestic Relations Law § 240 [1-b] [h]; see St. Louis v St. Louis, 86 AD3d 706, 708 [2011]; McCarthy v McCarthy, 77 AD3d 1119, 1119-1120 [2010]).
Here, the original separation and settlement agreement indicated that the parties had been advised of the provisions of the CSSA and that the amount of child support calculated in compliance therewith would be presumptively valid; the agreement further set forth the applicable statutory percentage for *1194 three children (29%) and the parties’ respective incomes and indicated that the husband’s child support obligation would be adjusted upon the cessation of the agreed-upon maintenance payments (see Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). The agreement did not, however, indicate what the presumptive amount of child support would be, nor did it set forth the reasons for deviating therefrom. Similar deficiencies exist with respect to the provisions governing the parties’ pro rata share of childcare and medical expenses and, to our analysis, none of the foregoing deficiencies was cured by the subsequent modification agreement. Although the modification agreement acknowledged a departure from the presumptive pro rata share of each party’s childcare expenses and purported to explain the basis for the deviation therefrom, the agreement was silent as to what the presumptive pro rata percentages would be under the CSSA and failed to set forth the income and other financial data supporting the basis for such deviation. Accordingly, inasmuch as the subject agreements fail to comply with the nonwaivable requirements of Domestic Relations Law § 240 (1-b) (h), this matter must be remitted for a de novo determination as to the husband’s child support obligation.[2]
The wife’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Stein, Garry and Devine, JJ., concur.
Ordered that the order entered February 25, 2013 relating to child support is modified, on the law, without costs, by reversing so much thereof as partially denied plaintiffs motion to vacate and set aside the child support provisions embodied in the parties’ separation and modification agreements; motion granted to that extent and matter remitted to the Supreme Court for a de novo determination of child support, including each party’s pro rata share of childcare and medical expenses; and, as so modified, af *1195 firmed. Ordered that the order entered February 25, 2013 denying plaintiffs motion for an upward modification of child support and awarding defendant counsel fees is affirmed, without costs. Ordered that the order entered October 23, 2013 is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff child support in the amount of $2,190 per month and directed that defendant pay 82% of the children’s unreimbursed medical expenses; matter remitted for a de novo determination of child support, including each party’s pro rata share of childcare and medical expenses; and, as so modified, affirmed.

. The child support figure arrived at by Supreme Court was not a de novo determination of the husband’s child support obligation but, rather, appears to have been an attempt by the court to adjust for the fact that the husband no longer was paying maintenance and to ascertain the amount of arrears due in this regard.

. In conjunction therewith, the wife contends that the husband’s child support obligation was not properly adjusted after his maintenance payments ceased and, as a result, the husband owes arrears in the amount of $4,440; the husband contends that whatever arrears he may have owed have been paid in full. Although Supreme Court recalculated the husband’s child support obligation in an effort to account for the fact that he no longer was paying maintenance, it is not clear from either Supreme Court’s resulting orders or the financial and payment information submitted by the parties whether a proper adjustment to the husband’s child support obligation in this regard was in fact made. Accordingly, upon remittal, Supreme Court must resolve this issue and ascertain whether child support arrears are in fact owed — based upon the termination of the husband’s maintenance obligation — and, if so, fashion an award retroactive to the date of the wife’s application with respect thereto (see Domestic Relations Law § 236 [B] [7] [a]).