Devine, J.
 

 Appeal from an order of the Family Court of Albany County (Kushner, J.), entered May 27, 2016, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.
 

 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 1993 and 1996). Pursuant to a stipulation that was incorporated but not merged into the parties’ 2000 judgment of divorce, the father agreed to pay $743 a month in child support. The support payment remained unchanged when, in 2014, the eldest child turned 21 years of age and was emancipated. In 2015, the mother commenced the instant proceeding seeking an upward modification of the father’s obligation. Following a hearing, a Support Magistrate found that the mother had established a change in circumstances sufficient to warrant a modification. Family Court sustained objections raised by the father to that decision, found that the mother had not met her initial burden and dismissed the petition. The mother now appeals.
 

 We affirm. The mother seeks to modify a child support directive flowing from a stipulation, executed prior to 2010, that was incorporated but not merged into a divorce judgment (see Matter of Zibell v Zibell, 112 AD3d 1101, 1102 [2013]; see also L 2010, ch 182, §§ 6, 13). As such, in the absence of any claim that the stipulation was unfair or inequitable when it was entered into, the mother must “demonstrate [ ] ‘an unanticipated and unreasonable change in circumstances’ or that the child[ ]’s needs are not being met” (Matter of Zibell v Zibell, 112 AD3d at 1102, quoting Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; see Matter of Gravlin v Ruppert, 98 NY2d 1, 5 [2002]; Matter of Hoyle v Hoyle, 121 AD3d 1194, 1195 [2014]). The mother’s “generalized assertions regarding an increase in the cost of goods, an increase in the cost of providing for the parties’ maturing child [ ] and/or an increase in the [father]’s income are insufficient to constitute an unanticipated or unreasonable change in circumstances” (Malone v Malone, 122 AD3d 1190, 1192 [2014]; see Matter of Zibell v Zibell, 112 AD3d at 1102). Moreover, the father has consistently satisfied his child support obligations despite seeing the child less due to a falling out in 2015 (cf. Matter of Gravlin v Ruppert, 98 NY2d at 6), and the mother acknowledged that the agreed-upon level of child support has not caused any hardship to a child who remains “[w]ell taken care of.” Thus, having failed to satisfy her burden of proof, the mother’s modification petition was properly dismissed (see Matter of Zibell v Zibell, 112 AD3d at 1102-1103; Matter of Overbaugh v Schettini, 103 AD3d 972, 973-974 [2013], lv denied 21 NY3d 854 [2013]; Matter of McCluskey v Howard, 12 AD3d 878, 879 [2004]).
 

 Garry, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.