Matter of Youngs v Youngs (2018 NY Slip Op 04065)





Matter of Youngs v Youngs


2018 NY Slip Op 04065


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525744

[*1]In the Matter of JASON YOUNGS, Appellant,
v
MELISSA YOUNGS, Respondent.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Donnellan & Knussman, PLLC, Ballston Spa (Katherine L. Mastaitis of counsel), for appellant.
King, Adang, Arpey, Strickland & Thompson, LLP, Saratoga Springs (Gillian A. Hirsch of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered January 5, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior support obligation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 2000 and 2004). In February 2015, the mother commenced an action for divorce. In July 2015, during the pendency of that action, the parties entered into a postnuptial agreement providing that, in the event that a divorce was subsequently granted or certain other provisions of the subject agreement were triggered, the parties would, among other things, have joint legal and shared physical custody of the children and neither
party would be responsible to pay child support to the other so long as each party abided by the custody and access schedule set forth in the agreement [FN1]. In May 2016, the parties appeared before Supreme Court and entered into an oral stipulation in the divorce action wherein they [*2]agreed to share joint legal custody of the children, with the father having primary physical custody and specified parenting time to the mother. The parties' further stipulated that the remaining provisions of their divorce agreement would be dictated by the terms set forth in their July 2015 postnuptial agreement. On July 25, 2016, Supreme Court signed a judgment of divorce incorporating, but not merging, the July 2015 postnuptial agreement and the May 2016 stipulation.
Two weeks after the judgment of divorce was entered, the father filed the instant modification petition seeking to obtain child support from the mother, alleging, among other things, that a change in circumstances had occurred since entry of the judgment of divorce based upon the fact that the parties' May 2016 stipulation granting him primary physical custody of the children served to effectively void the child support waiver set forth in the July 2015 postnuptial agreement [FN2]. The mother thereafter moved to dismiss the father's modification petition and, in November 2016, a Support Magistrate dismissed the petition on the ground that the father had failed to set forth a change in circumstances since entry of the judgment of divorce. The father filed objections to the Support Magistrate's order and, in January 2017, Family Court dismissed the objections. The father now appeals.
As relevant here, "a party seeking modification of a child support provision derived from an agreement or stipulation incorporated but not merged into a divorce decree has the burden of proving that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the children are not being adequately met" (Malone v Malone, 122 AD3d 1190, 1192 [2014] [internal quotation marks, brackets and citations omitted]; see Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; Matter of Frederick-Kane v Potter, 155 AD3d 1327, 1329 [2017]; Matter of Overbaugh v Schettini, 103 AD3d 972, 973 [2013], lv denied 21 NY3d 854 [2013]). Here, other than the father's conclusory assertion, there are no allegations of fact, let alone proof, contained in his modification petition to support a claim that the parties' May 2016 stipulation awarding him primary physical custody of the children served to void the child support waiver contained in the parties' July 2015 postnuptial agreement. There is no language contained in the postnuptial agreement that provides for the automatic nullification of such a waiver in the event that the parties subsequently agreed to a change in custody. Nor is there any allegation that the mother otherwise violated the terms of the parties' custody and access agreement as set forth in their postnuptial agreement.[FN3]
Further, the father and the mother were both represented by counsel at all relevant times during the pendency of the matrimonial action. At the parties' May 2016 appearance before Supreme Court, the father neither rendered an objection to the ongoing applicability of the parties' child support waiver nor sought an amendment to the parties' July 2015 postnuptial agreement in light of the parties' subsequent May 2016 stipulation that he was to obtain primary physical custody of the children. Nor is there anything in the record demonstrating that the children's needs are not presently being met. Thus, the father's modification petition failed to provide any allegations of fact indicating that the postnuptial agreement and stipulation incorporated into the judgment of divorce were unfair or unconscionable at the time that they were entered into or that there was otherwise an unanticipated and unreasonable change in circumstances since entry of the judgment of divorce entitling him to the relief sought (see Matter of Overbaugh v Schettini, 103 AD3d at 974; Matter of Zibell v Zibell, 112 AD3d 1101, 1102 [2013]; Matter of Hunt v Bartley, 85 AD3d 1275, 1277 [2011]). Accordingly, we discern no error in Family Court's dismissal of the father's modification petition.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: At the time the parties entered into the July 2015 postnuptial agreement, they were living together and indicated that they had no present intention of separating or ultimately proceeding with the divorce. By October 2016, however, the parties had separated and certain temporary custody and visitation awards were thereafter entered pending resolution of the divorce action.

Footnote 2: Although the father's modification petition also alleged a change in circumstances based upon the mother's alleged failure to reimburse him for $3,488 in certain child-related expenses, he did not argue this issue in his brief and, therefore, we deem it abandoned (see Matter of Tompkins v Tompkins, 110 AD3d 1172, 1173 n [2013]).

Footnote 3: Contrary to the father's assertion, the parties' postnuptial agreement does not state that the waiver of the child support obligation is contingent upon the parties having shared physical custody of the children. The child support waiver contained in the parties' postnuptial agreement specifically states that "neither party shall pay child support to the other as long as the parties abide by the custody and access schedule set forth in schedule A." Schedule A, meanwhile, specifically directs that "[t]he parties shall have shared and equal access with the children, to be determined and agreed upon between the parties." At the parties' May 2016 appearance before Supreme Court, the specific terms of this shared custody and access agreement were set forth on the record wherein they clearly dispensed with the equal access requirement and stipulated that the father would have primary physical custody of the children.